Fred E. GRAEF et al., Appellants,

v.

The CITY OF GALVESTON et al., Appellees.

No. 1408.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 23, 1976.

Rehearing Denied July 14, 1976.

Robert M. Moore, Moore & Laurence, Houston, for appellants.

Benjamin R. Powel, McLeod, Alexander, Powel & Apffel, Inc., Robert V. Shattuck, City Atty., Bryan F. Williams, Jr., Royston, Rayzor, Vickery & Williams, Galveston, Warner F. Brock, Brock & Williams, Her-

man Wright, Mandell & Wright, Houston, for appellees.

COULSON, Justice.

This suit was brought by several individuals seeking injunctive relief against the City of Galveston, the Galveston Wharves, the Wharves Board of Trustees, and others. The heart of this controversy concerns the Pier 18 and 19 area of Galveston. The trial court granted the defendants' motion to dismiss the cause of action as to all parties. The plaintiffs below have perfected this appeal. We reverse and remand the cause.

Plaintiffs Fred E. Graef, Salvatore Arcidiacono, Alfio Valastro, John H. Williams, Jr., and Charles R. Hill are all residents, taxpayers, qualified voters and citizens of Galveston. Plaintiffs' original petition states the following: that Graef and Williams operate fishing charter boats for hire in and around Piers 18 and 19 as tenants of the Wharves; that Arcidiacono and Valastro operate their shrimp boats in, out and around Piers 18 and 19; that Hill and his brother operate Hill's Fish and Oyster Company on land owned by the City of Galveston and located adjacent to Pier 19. Plaintiffs plead that the Board verbally informed them that they would have to give up their present business locations in order that the Pier 18 and 19 area could be filled in and used as open cargo docks. Plaintiffs plead that the Pier 18 and 19 area is an historic site; that the proposed changes to the area would destroy it as a tourist attraction; that it is a public area; that they would be deprived of their business opportunities derived from tourists; that their costs of operation would increase; that the mutual benefits of having their businesses in close proximity to each other would be lost; and that their existing improvements would be destroyed.

Furthermore, the plaintiffs plead that they and the citizenry of Galveston had through public meetings, petitions and resolutions expressed their desire that the City and the Board retain the present facilities and had requested a special election to determine the public's wishes. Plaintiffs alleged that the City's construction of Article II of the City Charter, which created the Wharves as a public utility of the City, as precluding action on the City's part constituted an unconstitutional delegation of governmental functions and an abuse of discretion.

Plaintiffs also plead that the Board entered a contract to construct facilities for shrimp berths on Pelican Island, which is some distance away from the Pier 18 and 19 area; that the movement of any of their businesses to Pelican Island would disrupt their mutual support and work an economic hardship on them. Finally, plaintiffs alleged generally that the defendants' actions have violated the plaintiffs' rights of due process and equal protection. By supplemental petition, plaintiffs allege that they brought suit as a class action on behalf of other shrimpers, party boat and fish house operators in the Pier 18 and 19 area. In their prayer for relief, plaintiffs seek to enjoin defendants from, among other things, changing any portion of the Pier 18 and 19 area.

Defendants answered that plaintiffs are tenants of the Board on a month-to-month rental basis; that should plaintiffs be wrongfully evicted they would have an adequate remedy at law; that defendants have not denied any constitutional rights of the plaintiffs; that defendants have not abused their discretion; and that the Board's actions are within the discretionary power granted by Article VII of the Charter of the City of Galveston.

Upon the defendants' motions, the trial court entered an order dismissing plaintiffs' suit for failure to state a cause of action. This procedure was error. The rule is stated in *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.Sup. 1974):

[O]nly after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action.

**818**

There was no action by the trial court here sustaining special exceptions. Consequently, the order granting a dismissal for failure to state a cause of action must be reversed. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.