Walter R. HUNTER, Appellant,

v.

Clarence JOHNSON, dba Clarence's Pump & Field Service & Supply, Appellee.

No. 08–99–00094–CV.

Court of Appeals of Texas, El Paso.

May 4, 2000.

Vern F. Martin, Midland, for appellant.

W. Burgess Wade, Midland, for appellee.

Before Panel No. 4, BARAJAS, C.J., LARSEN, and McCLURE, JJ.

*O P I N I O N*

RICHARD BARAJAS, Chief Justice.

This is an appeal from an order dismissing Appellant's causes of action for failure to state a claim. For reasons set forth below, we reverse and remand.

## I. SUMMARY OF THE EVIDENCE

On December 22, 1995, Walter R. Hunter ("Hunter") filed suit against Clarence Johnson d/b/a Clarence's Pump & Field Service & Supply, ("Johnson") for breach of contract. Hunter alleged that on May 1, 1989, he and Johnson entered into an agreement under which Hunter was to invest $10,000 in Mr. Johnson's business in exchange for interest. The written investment agreement (which Hunter attached to his original petition) provided that the primary term of the loan was for one year—beginning on May 1, 1989. The agreement also contained a clause which allowed the parties to negotiate the investment contract annually. Hunter alleged that Johnson breached the agreement by failing to pay "interest, and other moneys resulting from Plaintiff's investment." Hunter also alleged that Johnson fraudulently "misrepresented to Plaintiff that he would ... be entitled to interest, profits and repayment of investment monies if Plaintiff invested $10,000 in Defendant's business."

In his original answer, Johnson raised the statute of limitations as an affirmative defense. Johnson maintained that because the primary term of the investment was one year (beginning on May 1, 1989), any claim for money due under the investment contract must have been brought within four years of May 1, 1990 (the date the money became due). Johnson argued that because Hunter did not sue until December 22, 1995, his claims are time barred. After filing his answer, Johnson filed a motion to dismiss for failure to state a cause of action. In that motion, Johnson again argued that all of Hunter's claims were time barred pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon Supp.2000).[1] The trial court conducted a hearing on Johnson's motion to dismiss on December 30, 1998. During the hearing, Hunter argued,

"Had [the motion to dismiss] been couched in terms of a special exception, I would have brought our attention to the fact that [Hunter's] entitled to some additional detailed pleadings on stuff like that, but it's not that way; it's a motion to dismiss.... Further, when you get over to the issue of fraud, there's a factor involved here in terms of when the fraud occurs which starts the running of the statute of limitations."

After hearing arguments from both sides, the trial court, without providing Hunter with an opportunity to amend his pleadings, granted Johnson's motion to dismiss.[2]

Following the dismissal, Hunter filed a motion for a new trial. As grounds for a new trial, Hunter argued that Johnson actually paid Hunter interest on Hunter's investment for three successive years. Hunter contended that these payments had the effect of renewing the investment agreement and thus extending the limitations period. Hunter further argued that "[t]hese matters would have been plead in more detail had Defendant filed exceptions to Movant's pleading; but, no such exceptions were filed." After a brief hearing,

---

1.  Section 16.004(a) provides: "A person must bring suit on the following actions not later than four years after the day the cause of action accrues: (1) specific performance of a contract for the conveyance of real property; (2) penalty or damages on the penal clause of a bond to convey real property; (3)debt; (4) fraud; or (5) breach of fiduciary duty."

2.  The trial court's order stated: "It is therefore ordered that the Motion to Dismiss for Failure to State a Cause of Action is granted and this cause of action is dismissed with prejudice."

the trial court overruled Hunter's motion for a new trial. This appeal follows.

## II. *DISCUSSION*

The sole issue on review is whether the trial court erred in granting Appellee's motion to dismiss for failure to state a cause of action without first providing Appellant with an opportunity to amend his pleadings.

Appellant argues that before a motion to dismiss for failure to state a cause of action can be granted, the movant must first file a special exception, giving the plaintiff the opportunity to cure any pleading defect.[3] In support of this argument, Appellant cites *Graef v. City of Galveston,* 538 S.W.2d 816 (Tex.App.—Houston [14th Dist.] 1976, writ dism'd). In that case, a group of Galveston citizens sued to enjoin the city from converting certain piers into cargo docks. The trial court granted the city's motion to dismiss for failure to state a cause of action. On review, the court held: "Only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action." *Id.* at 817 (quoting *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974)). The court then determined that "[t]here was no action by the trial court here sustaining special exceptions. Consequently, the order granting a dismissal for failure to state a cause of action must be reversed." *Id.* at 818. Appellant thus contends that "Defendant never filed special exceptions of any kind. As a result, Plaintiff was not given the opportunity to respond to alleged defects in the pleadings. Therefore, the Court improperly and prematurely granted Defendant's Motion to Dismiss for failure to state a cause of action." We agree.

We find *Herring* to be instructive. In that case, Herring, a prisoner, sued the Texas Department of Corrections after he sustained an injury while participating in a basketball game. Herring alleged that the State was negligent for failing to provide adequate medical care. The State's motion for summary judgment was granted on the grounds that Herring did not plead a viable cause of action under the Tort Claims Act. The Supreme Court determined that it was erroneous to grant summary judgment against Herring when Herring was not given the opportunity to amend his pleadings. In reaching this conclusion, the court remarked:

> This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action. To do so would revive the general demurrer discarded by Rule 90, Texas Rules of Civil Procedure.

*Id.* at 10. Thus, the court determined that, when the basis for a dismissal is the failure to state a cause of action, the defendant must first file a special exception. If the special exception is sustained, then the plaintiff must be given an opportunity to amend his or her pleadings before the case can be dismissed for failure to state a cause of action. *See id.* at 9–10.

Although *Herring* involved a dismissal following the filing of a motion for summary judgment based on the plaintiff's failure to state a cause of action, the rule requiring a defendant to file a special exception before seeking dismissal for failure to state a cause of action also applies where, as in this case, a defendant seeks dismissal for failure to state a cause of action by filing a motion to dismiss. *See Centennial Insurance Co. v. Commercial Union Insurance Co.,* 803 S.W.2d 479 (Tex.App.—Houston [14th Dist.] 1991, no writ) (stating: "only after special exceptions have been sustained and party has been given opportunity to amend its pleadings may case be dismissed for failure to state cause of action.... [W]here there is

---

**3.** During the hearing on Appellant's motion to dismiss, Appellant asserted that, if Appellee had filed a special exception, he would have amended his pleadings to reflect his theory as to why the statute of limitations had not expired on his fraud cause of action.

no action by the trial court sustaining special exceptions, order granting dismissal for failure to state a cause of action must be reversed"); *Moseley v. Hernandez,* 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ) ("A special exception [as opposed to a motion to dismiss] is the appropriate vehicle for urging that the plaintiff has failed to plead a cause of action (*see* TEX.R. CIV. P. 90, 91), and the pleader must be given, as a matter of right, an opportunity to amend the pleading"); and *Graef,* 538 S.W.2d at 817. Thus, because Appellee sought dismissal by filing a motion to dismiss for failure to state a cause of action, Appellant was entitled to an opportunity to amend his pleadings before the trial court could rule on the motion to dismiss.

We recognize that special exceptions are not required when a party pleads himself or herself out of court.[4] However, in this case, it is not clear whether the pleadings establish that the statute of limitations actually bars Appellant's cause of action, particularly considering the argument raised by Appellant during the hearing on Appellee's motion to dismiss that the contract may have been renegotiated, thus extending the limitations period. Moreover, case law supports our position that when a defendant chooses to seek dismissal by filing a motion to dismiss based on an affirmative defense (such as the statute of limitations or res judicata), such defendant must first file a special exception. *See Allied Chemical Corporation v. Koonce,* 548 S.W.2d 80, 82 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ) (recognizing that a plaintiff is entitled to the opportunity to amend his pleadings following defendant's motion to dismiss based on the statute of limitations); and *Mueller v. Banks,* 317 S.W.2d 254, 255 (Tex.Civ.App.—San Antonio 1958, no writ) (holding that the trial court erred in granting defendant's motion to dismiss based on res judicata without giving plaintiff an opportunity to amend the pleadings). Thus, because the trial court dismissed Appellant's claims for the failure to state a cause of action without allowing him to amend his pleadings, we must sustain Appellant's sole point of error.[5] Accordingly, we reverse the order dismissing Appellant's claims, and we remand this case for further proceedings not inconsistent with this opinion.

---

4. *See Washington v. City of Houston,* 874 S.W.2d 791, 794 (Tex.App.—Texarkana 1994, no writ) (recognizing that it may not be necessary to file special exceptions before seeking dismissal where the plaintiff's pleadings clearly demonstrate the lack of a valid cause of action.).

5. Typically, when a defendant wishes to have a case disposed of on the grounds that the statute of limitations had run on the plaintiff's cause of action, such defendant would generally file a motion for summary judgment to which the plaintiff could respond (pursuant to TEX.R. CIV. P. 166(a)(c)) by challenging whether the limitations period had, in fact, expired. *See, e.g., Chandler v. Chandler,* 991 S.W.2d 367 (Tex.App.—El Paso 1999, writ denied); *Camacho v. Samaniego,* 954 S.W.2d 811 (Tex. App.—El Paso 1997, writ denied); and *Hernandez v. Furr's Supermarkets, Inc.* 924 S.W.2d 193 (Tex.App.—El Paso 1996, writ denied). Thus, if Appellee had filed a motion for summary judgment in this case, rather than a motion to dismiss for failure to state a cause of action, Appellant would have been given the opportunity to respond to the motion by arguing that the limitations period had not expired either because the investment contract had been renewed or because the discovery rule should be invoked. Because Appellee sought dismissal based on the statute of limitations by filing a motion to dismiss for failure to state a cause without first filing a special exception, however, Appellant was denied *any* opportunity to raise an argument as to why the limitations period may not have expired. We therefore hold, in accordance with the case law discussed above, that a trial court can not circumvent a plaintiff's opportunity to develop such "defenses" to the statute of limitations when a defendant raises the affirmative defense in a motion to dismiss for failure to state a cause of action (as opposed to a motion for summary judgment) by granting a defendant's motion to dismiss for failure to state a cause of action without first allowing the plaintiff to amend his pleadings.