**Dolores G. BACA, Appellant,**

v.

**Gilbert SANCHEZ and Edie Rubalcaba, Appellees.**

No. 08–04–00226–CV.

Court of Appeals of Texas, El Paso.

Aug. 4, 2005.

Fernando Chacon, El Paso, for Appellant.

Patrick Bramblett, Bramblett & Associates, Luther Jones, and Stuart R. Schwartz, El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's decision dismissing this lawsuit for failure to state a cause of action upon which relief may be granted. For the reasons stated herein, we affirm the trial court's order.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

Appellant Baca was a candidate seeking election to the office of District Clerk of El Paso during an election held in 2002. Appellee Edie Rubalcaba was the incumbent District Clerk who did not seek re-election. Appellee Gilbert Sanchez was the successful candidate for the position and currently is serving as the El Paso District Clerk. On August 1, 2002, Appellant Baca, after

being defeated in the election, filed suit against Edie Rubalcaba and Gilbert Sanchez, alleging various violations of the Election Code and conspiracy to violate the Election Code, resulting in damages to include actual, exemplary, and nominal damages. Sanchez filed special exceptions to the petition which outlined various defects to the petition, including that the original petition had referenced various sections of the Election Code which did not exist and that several of the sections cited were not relevant to the complaints propounded by Baca. On January 8, 2003, the trial court entered an order granting Sanchez's special exceptions and ordering Baca to replead within thirty days. Baca filed both an Amended Original Petition and a Corrected First Amended Original Petition. Sanchez and Rubalcaba filed responsive pleadings that included special exceptions and motions to dismiss. The record does not reflect whether a final hearing was held on the motions to dismiss or special exceptions but an order was entered on the 27th of September ordering the Plaintiff to replead her cause of action by the 17th day of October, 2003. Baca filed her Third Amended Original Petition on October 21, 2003. Baca's Third Amended Original Petition alleged violations of penal provisions of the Election Code, violation of the RICO Statute,[1] various acts of fraud, conspiracy, and torts. The parties filed a series of pleadings and memoranda of law which culminated in the trial court's entry of an order on April 13, 2004 dismissing the case for failure to state a cause of action upon which relief can be granted.

Baca's complaints against Rubalcaba and Sanchez emanate from a letter mailed by Edie Rubalcaba reflecting her support of Sanchez's candidacy which Baca contends violated various provisions of the

Election Code, to her detriment. Baca's complaints stem from the fact that Rubalcaba's letters included the County Seal of the County of El Paso, and referenced Rubalcaba's position as the then El Paso District Clerk.

Baca appeals asserting one issue. For the reasons stated below, we agree with the trial court's determination and affirm the trial court's dismissal of the case.

## II. *ISSUE ON APPEAL*

Appellant presents one issue on appeal which challenges the trial court's dismissal of her lawsuit for failure to state a cause of action. Appellant does not complain of specific findings of the trial court but rather presents a general complaint that merely asserts that she should be entitled to a trial by jury. We note that the trial court does not articulate the basis for dismissal of the case but merely states that the case is "dismissed for failure to state a cause of action upon which relief can be granted." Appellant requested that findings of fact and conclusions of law be filed by the trial court and filed a notice of past due findings of fact and conclusions of law. Appellant did not file requested or proposed findings of fact. No findings of fact or conclusions of law were filed by the trial court.

## III. *DISCUSSION*

■ We note that this case presents itself in the unusual procedural posture as a dismissal based solely on the pleadings as presented to the trial court. In order to determine whether the pleadings as filed failed to support a cause of action, we must address whether the procedural hurdles were overcome justifying dismissal. We have previously held that before a motion to dismiss for failure to state a

1. 18 U.S.C. § 1961 (2000).

cause of action can be granted, the movant must first file a special exception, giving the plaintiff the opportunity to cure any pleading defect. *Hunter v. Johnson*, 25 S.W.3d 247, 249 (Tex.App.-El Paso 2000, no pet.). The rule requiring a defendant to file a special exception before seeking dismissal for failure to state a cause of action also applies where, as in this case, a defendant seeks dismissal for failure to state a cause of action by filing a motion to dismiss. *Id.* at 249–50; *see Centennial Insurance Co. v. Commercial Union Insurance Co.*, 803 S.W.2d 479, 483 (Tex. App.-Houston [14th Dist.] 1991, no writ) (stating: "Only after special exceptions have been sustained and a party has been given an opportunity to amend its pleadings may a case be dismissed for failure to state a cause of action.... When there is no action by the trial court sustaining special exceptions, an order granting a dismissal for failure to state a cause of action must be reversed."); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.-Corpus Christi 1990, no writ) ("A special exception [as opposed to a motion to dismiss] is the appropriate vehicle for urging that the plaintiff has failed to plead a cause of action (*see* Tex.R. Civ. P. 90, 91), and the pleader must be given, as a matter of right, an opportunity to amend the pleading."). Here, Appellees filed special exceptions and a motion to dismiss for failure to state a cause of action, Appellant was provided an opportunity to amend her pleadings and filed amended pleadings at least twice before the trial court ruled on the motion to dismiss.

▮▮▮▮ We also recognize, however, that special exceptions are not required when a party pleads himself or herself out of court. *Hunter*, 25 S.W.3d at 250. Baca's complaints focus on a letter that was mailed by Rubalcaba and which endorsed Sanchez's candidacy for El Paso District Clerk. She is complaining that the letter violates sections 255.001, 255.004, and 255.005 of the Texas Election Code and asserts that violation of those sections has created a cause of action for damages in her favor. We disagree. Without determining whether the action complained of violates the provisions of those sections, we note that each does not create a cause of action in favor of an individual for violation of the section.[2] To the contrary, each indicates that a violation of the section is a Class A misdemeanor providing for criminal penalties under Texas state law.[3]

In her Third Amended Original Petition, Appellant argues, without pleading any factual basis whatsoever, that the actions of Rubalcaba and Sanchez were a violation of the Federal Racketeer Influenced and Corrupt Organizations Act, the "RICO" statute.[4] Her other complaints assert that the purported mailing constituted a violation of Texas Election Code provisions and constituted a tort creating civil damages for the violation of the penal provisions of the Election Code and that the defendants owed plaintiff a duty to comply with the Election Code, the failure to do so was a breach of that duty and the violation re-

2. As Appellant argues in her brief, "[a]t times the legislature will adopt private civil actions that are designed to deter violators and encourage enforcement by candidates and others directly participating in the process rather than placing the full burden of enforcement on the government." The legislature has not done so here. *See, e.g.*, Tex. Elec.Code Ann. § 253.131 (Vernon 2003); *see also Osterberg v. Peca*, 12 S.W.3d 31 (Tex.2000), *cert.denied*, 530 U.S. 1244, 120 S.Ct. 2690, 147 L.Ed.2d 962 (2000).

3. *See* Tex. Elec.Code Ann. §§ 255.001(c), 255.004(c), 255.005(b), *but see* § 253.131 (Vernon 2003).

4. 18 U.S.C. § 1961 (2000).

sulted in damages. Most of her petition consists of complaints related to the assumptions which could be drawn from the contents of the mailing and the majority of her brief argues that this Court should recognize a civil cause of action of violation of the criminal penalty provisions of the Election Code. We have found no cases in support of her contention. We do not agree that violation of sections 255.004 and 255.005, if such violation occurred, creates a private cause of action in favor of Appellant.

Appellant's petition contends that the Appellees owed a duty to Appellant to abide by the Election Code, that Appellees "breached their duty to plaintiff. The breach was the proximate cause of plaintiffs [sic] injuries and harm." She also contends that the Appellees had a statutory duty which was violated and, therefore, created a basis for her negligence per se claim. The minimal pleadings filed do not support a cause of action for negligent violation of the Election Code. Not a single fact is pleaded in support of the broad conclusory statements. Further, Appellant minimally briefed this issue and cites to only a few cases which address civil liability of a defendant incidental to the specific criminal conduct of a third party. None of the cases cited deal with the type of actions discussed here. Rather, all address the traditional liability of a defendant created by the inaction or actions of the defendant which resulted in physical harm to the plaintiff.[5] Even assuming that Appellant's contention that Rublacaba's letter did violate a duty to her, she did not plead a single fact that supports a finding of any damages. Her implied speculation, which we note was not even specifically pleaded, that the letter affected the outcome of the election, is not supported by any proof and cannot create a cause of action.

 Although special exceptions are generally considered to be the means by which an adverse party may force clarification of vague pleadings, they may also be used to determine whether the plaintiff has pleaded a cause of action permitted by law. *See* Tex.R. Civ. P. 91; *Trevino v. Ortega*, 969 S.W.2d 950, 951 (Tex.1998) (special exceptions used to determine no cause of action for spoliation of evidence); *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex.1998); *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex.App.-Corpus Christi 2000, no pet.); *Holt v. Reproductive Servs., Inc.*, 946 S.W.2d 602, 607 (Tex.App.-Corpus Christi 1997, writ denied). The court must allow an opportunity to amend; however, if a party refuses to amend, or the amended pleading fails to state a cause of action, the case may be dismissed. *Friesenhahn*, 960 S.W.2d at 658; *San Benito Bank & Trust Co.*, 31 S.W.3d at 317. The appellate court reviews such a ruling de novo, taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader. *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex.1998); *San Benito Bank & Trust Co.*, 31 S.W.3d at 317; *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex.App.-Fort Worth 1996, writ denied); *Detenbeck v. Koester*, 886 S.W.2d 477, 479 (Tex.App.-Houston [1st Dist.] 1994, writ withdrawn). The question becomes whether, even assuming plaintiff can prove all the allegations contained in her petition, a cause of action is recognized under Texas law. *San Benito Bank & Trust Co.*, 31 S.W.3d at 317. We hold that she cannot and overrule her sole issue on review.

---

5. *See, e.g., Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546 (Tex.1985).

Having overruled Appellant's sole issue on review, we affirm the judgment of the trial court.