Robert F. FORD, Jr., Petitioner

v.

EXXON MOBIL CHEMICAL COMPA-
NY, A Division of ExxonMobil
Corporation, Respondent.

No. 06–0293.

Supreme Court of Texas.

Aug. 31, 2007.

Rehearing Denied Nov. 2, 2007.

Anthony G. Brocato, Law Offices of Anthony G. Brocato, Robert Keith Wade, Wade & Gilmore, Beaumont, TX, for Petitioner.

George Emerson Bean, Chambers, Templeton, Cashiola & Thomas, LLP, Beaumont, TX, David M. Gunn, Connie H. Pfeiffer, Erin Hilary Huber, Beck, Redden & Secrest, L.L.P., Houston, TX, for Respondent.

## PER CURIAM.

This suit involves one pipeline, two litigants, three tracts, and four deeds. In the fourth and final deed, Robert Ford granted a pipeline easement across three tracts of land, but now claims he did so based on misrepresentations about the three previous deeds. The court of appeals unanimously held his fraud claim barred by limitations, but in a divided opinion ordered the easement cancelled and the pipeline removed anyway because no statute of limitations applied to an equitable action to quiet title. 187 S.W.3d 154, 159–60 (Tex.App.-Beaumont 2006). As we agree with the dissenting justice that limitations bars all Ford's claims, we affirm in part and reverse in part.

In the summer of 1998, Mobil Chemical Company (predecessor of petitioner ExxonMobil Chemical Company) bought a 12–inch–wide easement for a propylene pipeline. The recorded deed included a map showing the pipeline crossing three tracts of land, but the text of the easement described the servient estate by referring to another deed that described only one tract. In an amended easement signed three months later granting temporary access for operations, the original easement was described as crossing all three tracts. Two days after the amendment, Ford bought all three tracts by special warranty deed expressly subject to Mobil's easements. Four months later, Ford signed another amendment (in return for $20,000) relocating the pipeline's route across all three of his tracts. Ford claims he signed this amendment only because Mobil falsely represented that the original easement covered all three tracts, when in fact it covered only one.

Five years after signing the last amendment, Ford sued for real estate fraud. *See* TEX. BUS. & COM.CODE § 27.01. The trial court granted summary judgment for Ford, awarding him $36,167 and ordering the pipeline removed. The court of appeals reversed the damage award (holding limitations barred Ford's fraud claim) but affirmed the removal order (holding quiet title actions have no statute of limitations). Both sides petitioned for review.

■■■ As a preliminary matter, we disagree with ExxonMobil that the judgment here is interlocutory because it did not expressly dispose of Ford's statutory claim for expert witness fees. *See id.* § 27.01(e) (providing fees for attorneys, expert witnesses, and copies of depositions). There is no presumption of finality for summary judgment orders, and the order here contains no unequivocal statement of finality. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205–06 (Tex.2001). But "[a] judgment that actually disposes of all parties and all claims is final, regardless of its language." *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex.2005). Ford moved for summary judgment on the entire case, and the trial court granted it as to all claims and all parties. While the summary judgment would have been interlocutory had the motions not addressed all Ford's fee claims, *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex.2001), the motion here did and the trial court's monetary award can only be attributed to those fees.

ExxonMobil argues that the undisputed summary judgment evidence established attorney's fees of $36,167 and expert fees of $1,500,[1] and that the trial court's award of precisely $36,167 means it adjudicated only the former. But the award was a lump sum that did not specify what it was for; that it may have been *incorrect* if it did not include both fees does not mean it was *interlocutory*. We have never held that an order disposing of all claims can be final only if it itemizes each and every element of damages pleaded. Similarly, a summary judgment order clearly disposing of a suit is final even if it does not break down that ruling as to each element of duty, breach, and causation. *See, e.g., M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674–75 (Tex.2004) (finding summary judgment order final that stated only that "[n]o dangerous condition existed" and defendant "committed no acts of negligence"). Accordingly, we hold this order granting a lump sum for all Ford's claims is final.

■■■ On the merits, Ford argues the court of appeals erred in holding his fraud claim barred by limitations. The parties agree this claim had to be brought within four years of when the fraud should have been discovered by reasonable diligence. TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4); *Little v. Smith*, 943 S.W.2d 414, 420–21 (Tex.1997); *Sherman v. Sipper*, 137 Tex. 85, 152 S.W.2d 319, 320–21 (1941). While not all public records establish an irrebuttable presumption of notice, the recorded instruments in a grantee's chain of title generally do. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886–87 (Tex.1998); *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex.1982); *Sherman*, 152 S.W.2d at 321; *Kuhlman v. Baker*, 50 Tex. 630, 637 (Tex.1879); *see also* TEX.

---

1. In his summary judgment motion, Ford sought $51,667 in attorney's fees (one-third of the easement's alleged value) and $1,500 in expert witness fees (based on an affidavit). ExxonMobil did not respond to the expert-fee claim, but challenged the attorney's fees by attaching an affidavit disputing the value of the easement. In his response, Ford accepted ExxonMobil's lower property valuation "to avoid a fact question," lowering his attorney's fee claim to $36,167.

PROP.CODE § 13.002. The instruments here necessarily do so, as Ford's fraud claim stems entirely from a discrepancy among them concerning the servient estate, a discrepancy he admits learning by simply reading them. And Ford cannot avoid constructive notice by claiming a fiduciary relationship here, as he neither pleaded nor proved such a relationship in the trial court. *See Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 313 (Tex.2006) (per curiam). We affirm the court of appeals' judgment barring Ford's fraud claim.

But we agree with ExxonMobil that the court of appeals erred in holding Ford's demand for removal of the pipeline was not barred too. The court stated two reasons limitations did not apply: (1) Exxon-Mobil's motion did not assert limitations as to Ford's quiet title claim, and (2) an action to quiet title is never time-barred. 187 S.W.3d at 159–60.

■ As to the first, ExxonMobil did not have to assert limitations separately as to quiet title because Ford's pleadings, construed liberally, did not plead it as an independent cause of action. Quiet title is not mentioned among the facts or claims in Ford's petition, appearing instead only in an introductory section and the prayer as part of a list of items (like a mandatory injunction and attorney's fees) that are merely forms of relief.[2] Having asserted limitations against Ford's fraud claim, ExxonMobil did not have to assert limitations against each item of legal or equitable relief that stemmed from it.

■ As to the second, limitations would have barred an action to quiet title here even if it had been pleaded as an independent cause of action. Granted, an equitable action to remove cloud on title is not subject to limitations if a deed is void or has expired by its own terms. *Watson v. Rochmill,* 137 Tex. 565, 155 S.W.2d 783, 785 (1941) (finding no bar to suit to cancel expired mineral lease); *Texas Co. v. Davis,* 113 Tex. 321, 254 S.W. 304, 309 (1923) (same). But the same rule does not apply when a deed is voidable rather than void. *Pure Oil Co. v. Ross,* 131 Tex. 41, 111 S.W.2d 1076, 1078 (1938) (holding barred claim for deed reformation could not be asserted as suit to remove cloud). When a deed is merely voidable, equity will not intervene as the claimant has an adequate legal remedy. *See id.; see also U.S. v. Wilson,* 118 U.S. 86, 89, 6 S.Ct. 991, 30 L.Ed. 110 (1886) (holding equitable action to remove cloud cannot be brought by one with adequate legal remedy); *Humble Oil & Ref. Co. v. Sun Oil Co.,* 191 F.2d 705, 712 (5th Cir.1951) (same).

■ Deeds obtained by fraud are voidable rather than void, and remain effective until set aside. *Nobles v. Marcus,* 533 S.W.2d 923, 926 (Tex.1976). Texas law is well settled that once limitations has expired for setting aside a deed for fraud, that bar cannot be evaded by simply asserting the claim in equity. *See Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 674 (1942); *Deaton v. Rush,* 113 Tex. 176, 252 S.W. 1025, 1031 (1923); *Carminati v. Fenoglio,* 267 S.W.2d 449, 453 (Tex.Civ. App.-Forth Worth 1954, writ ref'd n.r.e.); *La Fleaur v. Kinard,* 161 S.W.2d 144, 147 (Tex.Civ.App.-Beaumont 1942, writ ref'd w.o.m.). If the rule were otherwise, limitations would rarely apply in real estate

---

2. Paragraph 2 of Ford's complaint identified the parties and the property at issue, and described the suit as one "to annul and cancel an easement on real property, for a mandatory injunction requiring removal of a pipeline located upon real property as set forth below and removing the cloud on title to the pipeline strip and quieting title to said pipeline strip in Plaintiff." Ford's prayer in his petition requested judgment for each of those items as well as attorney and expert witness fees.

cases, as virtually every case could be recast as an action to remove cloud on title. Because Ford's legal claim for fraud was untimely, he cannot challenge ExxonMobil's facially valid deed by simply pleading it in equity.

Accordingly, without hearing oral argument, we (1) reverse the portion of the court of appeals' judgment granting Ford quiet title, requiring removal of the pipeline, and granting other related relief, (2) affirm the court of appeals' holding that Ford's fraud claim was barred by limitations, and (3) render judgment for ExxonMobil. *See* Tex.R.App. P. 59.1.

Justice O'NEILL did not participate in the decision.