

# NUMBER 13-11-00325-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**REYES URBINA,** **Appellant,**

**v.**

**DESIGNER HOMES CO., INC., ONESIMO MARTINEZ,
JAVIER VILLESCAS [ERRONEOUSLY SUED AS JAVIER
BILOLESCAS OR BILLESCAS], COMPASS BANK AND
GREGORY S. KAZEN, IN HIS CAPACITY ONLY AS
SUBSTITUTE TRUSTEE,** **Appellees.**

## On appeal from the 275th District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam

On August 25, 2011, this Court dismissed this appeal for want of jurisdiction and

failure to comply with a notice from this Court. The case was reinstated on October 4,

2011.   On October 20, 2011, appellees, Designer Homes Company and Onesimo Martinez, filed a motion to dismiss the appeal for want of jurisdiction.   On January 24, 2012, Compass Bank and Javier Villescas filed a conditional motion to dismiss.   We agree that we have no jurisdiction over this appeal.

Appellant, Reyes Urbina, filed suit against Designer Homes Company and Onesimo Martinez, the appellees in this appeal.   Appellant also sued Compass Bank and Javier Villescas ("Compass").   The summary judgment in the Compass case was severed from the underlying case after counterclaims filed by Compass were non-suited.   All issues with respect to Compass and Villescas were made part of the severed cause and have been separately appealed.   That case was docketed in this Court as Cause No. 13-11-326-CV.   Appellant also sued Gregory Kazen, who was non-suited and dismissed in February 2010.

After appellant sued, Designer Homes and Martinez filed counterclaims against appellant for breach of contract, quantum meruit, promissory estoppel and slander.   On April 5, 2011, the trial court granted appellees' motion for summary judgment, which addressed only the causes of action brought by appellant against Designer Homes and Martinez.   Although the summary judgment indicated that it finally disposed of all parties and claims, there is nothing in the record to show that the counterclaims of appellees had actually been disposed.

An appeal may be taken only from a final judgment.   *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   There is no presumption of finality for summary-judgment orders.   *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617

2

(Tex. 2007) (*citing Lehmann*, 39 S.W.3d at 205–06). A trial court's order is not final where the record demonstrates the existence of claims or parties not mentioned in the order. *Lehmann*, 39 S.W.3d at 206. Here, there is clearly no mention that the trial court disposed of appellees' counterclaims. Thus, the order granting summary judgment against appellant remains interlocutory and is not appealable. The traditional "Mother Hubbard" clause contained in the summary judgment motion is not sufficient to render final an otherwise partial summary judgment. *Id.* at 204.

After further review, the previous order reinstating the case was improvidently granted. We grant Designer Homes and Martinez's motion to dismiss the appeal. Compass Bank and Javier Villescas's conditional motion to dismiss is dismissed as moot.

Per Curiam

Delivered and filed the
12th day of April, 2012.

3