

**NUMBER 13-11-00455-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JIMMY VESTAL AND STEVEN VESTAL,**                    **Appellants,**

**v.**

**LILIAN MURPHY,**                                      **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Johnson County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellants Jimmy Vestal and Steven Vestal complain in this appeal of an April 19, 2012 order granting summary judgment in favor of appellee Lilian Murphy. We dismiss for want of jurisdiction.

It is undisputed that on June 26, 2008, Murphy and Jimmy entered into an agreement documenting a total indebtedness of $133,124.42 for "repayment of personal

loans made by Lilian Murphy to Regional Dozer Service and to buy back the 48% of the company that Lilian had purchased from Brian Forbes." Jimmy assigned the title of a vehicle to Murphy and began making payments on the debt. On February 28, 2009, Jimmy and Steven allegedly entered into an agreement with Murphy that "superced[ed] all other agreements" and provided that Murphy was to receive $800 for twelve weeks by automatic bank payment and that "[a]t the end of twelve weeks the payment amount [would] be looked at and possibly adjusted according to how well the company [was] doing.". According to Murphy, automatic deposits were made directly to her bank account in March 2009, but in April 2009, all repayment of the debt ceased, leaving a balance owed of $92,553.69. The Vestals subsequently went out of business.

Murphy filed suit against Jimmy and Steven for breach of contract and fraud. After Murphy sued, Jimmy filed a counterclaim against Murphy for tortuous interference with an existing contract and breach of fiduciary duty. Murphy filed a motion for summary judgment, which addressed only the causes of action brought by Murphy against the Vestals. The trial court granted Murphy's motion.

In its order granting summary judgment, the trial court generally set out that it was "of the opinion that judgment should be rendered for [Murphy] and "ORDERED, ADJUDGED AND DECREED that Lilian Murphy, Plaintiff, recover from Defendants, JIMMY AND STEVEN VESTAL, jointly and severally, judgment for . . . $92,553.72 . . . ." It also awarded attorney's fees, including appellate attorney's fees, and post-judgment interest. The summary judgment did not address the counterclaim, and it did not indicate that it finally disposed of all parties and claims. In addition, there is nothing in the record

2

to show that the counterclaim of Jimmy Vestal had actually been disposed during the course of the trial proceedings.

An appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). There is no presumption of finality for summary-judgment orders. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615,617 (Tex. 2007) (*citing Lehmann*, 39 S.W.3d at 205—06). A trial court's order is not final where the record demonstrates the existence of claims or parties not mentioned in the order. *Lehmann*, 39 S.W.3d at 206. Here, there is clearly no mention in the order or in the record before us that the trial court disposed of Jimmy Vestal's counterclaim. Thus, the order granting summary judgment against the Vestals remains interlocutory and is not appealable.

Because Murphy is not appealing from a final judgment, we conclude this Court has no jurisdiction to consider this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.


Per Curiam


Delivered and filed the
21st day of June, 2012.

3