# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00558-CV

**Happy Jack Ranch, Inc. and Frederick J. Behrend, Appellants**

**v.**

**HH&L Development, Inc.; Matthew Stolhandske, Trustee; Michael Strnad, Appellees**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. C2010-1022A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This appeal from a suit to quiet titles arises from a colorful and ultimately ill-fated business relationship between Frederick J. Behrend and Michael Strnad. Behrend and Strnad were engaged in the bail bond business. During the 1990s, Behrend's company—Happy Jack Ranch, Inc. (Happy Jack)—deeded to Strnad several tracts of land in Comal County. Although the general warranty deeds did not identify any trust or beneficiary status, Behrend and Happy Jack (collectively appellants) contend there was an oral agreement that Strnad would hold only nominal title to the properties in trust for Behrend's benefit. The appellants contend the purpose of the conveyances was to allow Strnad to use the properties as security for issuing bail bonds.

In June 1998, a federal grand jury indicted Strnad and Behrend for tax evasion and other tax violations arising from their bail bond business. Strnad pleaded guilty to a lesser charge of failing to file a tax return and received probation. Behrend, however, pleaded guilty to the charged offenses and was sentenced to fifteen years' imprisonment. The factual basis Behrend

signed in support of his plea stated that he had conspired to defraud the IRS from collecting income taxes on revenues earned on his bail bond business, in part by placing his assets in Strnad's name, and then later attempting to murder Strnad to prevent him from providing incriminating evidence.

While Behrend was in prison for these crimes, Strnad conveyed title to the four properties at issue in this suit to Matthew Stolhandske in September 2001. In 2004, Stolhandske conveyed the properties to HH&L Development, Inc. (HH&L). Both Stolhandske and HH&L waited until 2005 to record their deeds with the county clerk. On July 26, 2010, the appellants filed this suit to quiet title against Strnad, Stolhandske, and HH&L (collectively appellees) seeking to have the deeds to Stolhandske and HH&L declared void based on a default judgment taken against Strnad in a previous suit. The trial court granted a motion to dismiss the appellants' claims and entered a final judgment granting Strnad $20,750 in attorney's fees. We affirm in part, concluding the four-year statute of limitations applicable to suits to quiet title clouded by voidable deeds bars the appellants' claims. We conclude, however, the trial court's award of attorney's fees was an abuse of discretion.

## PROCEDURAL BACKGROUND

The business relationship between Behrend and Strnad has generated many civil lawsuits and criminal investigations. As the parties are familiar with the complex procedural background of this suit, we will discuss only those facts necessary to render our decision. *See* Tex. R. App. P. 47.1 (stating appellate court opinions should be as brief as practicable in addressing issues necessary to final disposition), 47.4 (stating memorandum opinions should be no longer than necessary to advise parties of court's decision and basic reasons for it).

2

The lengthy civil litigation battle amongst the parties to this suit began in April 2003, almost two years after Strnad deeded the properties at issue to Stolhandske. In their first lawsuit, Behrend sued both Strnad and Stolhandske, alleging that Strnad held real estate properties in trust for his benefit and that Strnad and Stolhandske had conspired to deprive him of his property by transferring the titles to Stolhandske.[1] While this first suit was still pending, Behrend—on October 8, 2003—filed a second suit in the same county. The second suit, however, was against Strnad only and sought a declaration that he held several properties in trust for Behrend's benefit, including the four tracts at issue in this suit. Behrend filed this second suit more than two years after Strnad had transferred title to the properties but did not sue nor seek a declaration against Stolhandske. After Strnad failed to file an answer in this second suit, the trial court entered on December 17, 2003, a default judgment declaring that Strnad held the properties in trust for Behrend's benefit and vesting Behrend with lawful title.

On October 15, 2009, Behrend eventually nonsuited the first lawsuit he had filed against both Strnad and Stolhandske. The following year, on July 26, 2010, the appellants filed the present lawsuit against Strnad, Stolhandske, and HH&L Development seeking to quiet title to the four tracts of land. The appellants alleged that Behrend was the lawful owner of the properties under the default judgment and that the deeds to Stolhandske and HH&L were void and clouded his title. The appellants further alleged that Strnad and Stolhandske had been aware of Behrend's equitable interest in the properties. Strnad filed a motion to dismiss and motion for summary judgment, which was joined by the other defendants, contending Behrend lacked standing to challenge the

---

[1] Strnad transferred multiple properties to Stolhandske, only four of which are at issue in this suit. The record is unclear as to whether Behrend's original petition in this prior suit sought a declaration regarding the four tracts at issue in this suit.

conveyances because he was not a named beneficiary under the deeds and asserting affirmative defenses of limitations, res judicata and in pari delicto.[2]  After a hearing, the trial court granted the motion to dismiss without specifying the grounds for the ruling and entered a final judgment dismissing all of the appellants' claims and awarding Strnad $20,750 in attorney's fees.

On appeal, the appellants contend the trial court erred by granting the motion to dismiss because:  (1) the motion was an impermissible collateral attack on Behrend's 2003 default judgment; (2) the appellants have standing to challenge the deeds and the motion to dismiss was an improper procedural vehicle for asserting affirmative defenses; and (3) the appellees failed to prove their affirmative defenses as a matter of law.  The appellants additionally challenge the trial court's award of attorney's fees, contending Strnad's evidence of attorney's fees was inadmissible and that there were no statutory grounds for awarding fees.

**MOTION TO DISMISS**

The complex history of these properties presents a morass of legal issues.  The dispositive issue, however, is whether the statute of limitations bars the appellants from raising any of these arguments in a suit filed almost a decade after Strnad transferred title to the properties.  As a preliminary matter, we must first address the appellants' procedural complaint that a motion to dismiss was not the proper procedural vehicle for asserting an affirmative defense of limitations. The appellants correctly contend that a "defendant seeking a dismissal based on an affirmative defense such as statute of limitations must first file a special exception or a motion for summary

---

[2] The affirmative defense of in pari delicto requires Texas courts, as a general rule, to deny relief to a party to an illegal contract.  *See Lewis v. Davis*, 199 S.W.2d 146, 151 (Tex. 1947); *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 106 (Tex. App.—San Antonio 2011, pet. denied).

judgment giving the plaintiff an opportunity to respond." *See Tullis v. Georgia-Pac. Corp.*, 45 S.W.3d 118, 128 (Tex. App.—Fort Worth 2000, no pet.); *see also In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.) ("[A]ffirmative defense such as running of limitations should be raised through a motion for summary judgment, not through a motion to dismiss . . . .").

Strnad, however, did file a motion for summary judgment on the limitations issue more than twenty-one days before the trial court's hearing and incorporated by reference the motion for summary judgment into his amended dismissal motion. *See Tullis*, 45 S.W.3d at 128 (defendant seeking dismissal based on affirmative defense such as limitations must first file special exception or motion for summary judgment giving plaintiff opportunity to respond). The other defendants joined the summary judgment motion and also filed individual summary judgment motions on the grounds of limitations. Moreover, after the summary judgment was filed, Behrend amended his pleadings twice and filed a response asserting the same defense to limitations that he raises in this appeal. *See Hunter v. Johnson*, 25 S.W.3d 247, 250 n.5 (Tex. App.—El Paso 2000, no pet.) (trial court must allow plaintiff opportunity to develop defenses to statute of limitations when defendant raises affirmative defense in motion to dismiss). Accordingly, we conclude—under these particular facts—that any procedural error resulting from asserting an affirmative defense through a motion to dismiss was cured through the incorporated motion for summary judgment asserting the same affirmative defense. *Cf. O'Carolan v. Hopper*, 414 S.W.3d 288, 297 n.4 (Tex. App.—Austin 2013, no pet.) (concluding procedural error resulting from asserting limitations defense through motion to strike pleadings *not* cured by filing summary judgment on different grounds). Therefore, we will review the record as if summary judgment was granted to determine whether the movants established their affirmative defense as a matter of law. *See Briggs v. Toyota*

*Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.) (treating dismissal as summary judgment and evaluating the record as if summary judgment was granted to determine whether movant satisfied its summary-judgment burden); *see also Pipes v. Hemingway*, 358 S.W.3d 438, 447 (Tex. App.—Dallas 2012, no pet.) (same).[3]

## LIMITATIONS

Accordingly, we turn to the appellants' substantive complaint that limitations did not bar their claims as a matter of law. Although this suit seeks to set aside deeds executed almost a decade ago, the appellants contend their suit is viable because a suit to quiet title is not subject to limitations. Only if a deed is void or has expired by its own terms, however, is there no limitations period for an equitable action to remove cloud on title. *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). "But the same rule does not apply when a deed is voidable rather than void." *Id*. If a deed is merely voidable, the four-year statute of limitations will apply to the suit. *Id*.

In this case, if the four-year statute of limitations applies, the limitations period began to run, at the very least, when Stolhandske and HH&L recorded their deeds—on June 24, 2005, and April 18, 2005, respectively. *See* Tex. Prop. Code § 13.002 (recorded deed is notice to all persons of existence of instrument). Behrend, however, filed this lawsuit on July 26, 2010, which is well outside the four-year statute of limitations. Consequently, we need not determine the exact date of

---

[3] Even if the motion for summary judgment was insufficient to cure error, we would hold that the procedural error was harmless because we cannot conclude the error probably caused the rendition of an improper judgment, nor did it prevent Behrend from properly presenting this issue on appeal. *See* Tex. R. App. P. 44.1(a); *O'Carolan v. Hopper*, 414 S.W.3d 288, 297 (Tex. App.—Austin 2013, no pet.) (improperly asserting affirmative defense of limitations through motion to strike not reversible error when it did not prevent appellant from asserting issue on appeal).

accrual because, regardless of which date we apply, the lawsuit was not filed within the four-year limitations period.[4] Thus, the question before us is whether the deeds were void or merely voidable and subject to limitations. *See id.*

The question of whether a deed is void or voidable depends on its effect upon the title at the time it was executed and delivered. *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied). A void deed is "without vitality or legal effect." *Slaughter*, 162 S.W.2d at 674. Conversely, a voidable deed "operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." *Id.* "When a deed is merely voidable, equity will not intervene as the claimant has an adequate legal remedy." *Ford*, 235 S.W.3d at 618. Thus, "if removal of the cloud depends on a tort or contract claim, it must be brought within the applicable limitations period." *Ditta v. Conte*, 298 S.W.3d 187, 192 (Tex. 2009). A party may not attack a facially valid, and thus voidable, deed merely by pleading in equity. *Ford*, 235 S.W.3d at 618.

Here, the appellants' suit to quiet title turns on the validity of Strnad's conveyances to Stolhandske. At the time of these conveyances, Strnad held title to the properties at issue through general warranty deeds from Happy Jack. As the deeds from Happy Jack did not identify a trust or a beneficiary, the chain of title showed that Strnad held fee simple title to the properties. Thus, on the face of the titles, Strnad had the legal authority to convey the deeds, and the conveyances to Stolhandske were facially valid and effective at the time of execution. Further, the fact that the deeds were not immediately recorded did not render the conveyances void. Rather, recording a deed

---

[4] There is evidence in the record that Behrend discovered the conveyances prior to the deeds being recorded.

7

is not necessary to pass title. *Thornton v. Rains*, 299 S.W.2d 287, 288 (Tex. 1957). An unrecorded deed is binding on the parties to the conveyance and is only "void as to a creditor or to a subsequent purchaser for valuable consideration without notice." Tex. Prop. Code § 13.001. Here, Behrend is not a creditor or subsequent purchaser. Therefore, the delay in recording did not render the deeds void. *See id*.

Accordingly, we conclude that—at the time the deeds were executed—the conveyances to Stolhandske were facially valid, and thus voidable and subject to limitations. The question remains, however, as to the effect of the declaratory judgment against Strnad declaring that Strnad had held the properties in trust and vesting Behrend with title, but entered after Strnad had already effectively deeded the properties to Stolhandske and without his joinder. "A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated." *Id*. § 22.003. Here, however, Stolhandske was not a party to the lawsuit and obtained title to the properties *before* Behrend initiated the proceedings. As such, we cannot conclude that the default judgment rendered Stolhandske's deeds void. *See id*.; *Richardson v. Reid*, 188 S.W.2d 248, 252–53 (Tex. Civ. App.—Beaumont 1945, no writ) (judgment involving interest in land does not limit or defeat interest already vested in person who was not made party to suit).

Moreover, regardless of whether Strnad held the properties in trust for Behrend, the existence of the trust would not render Strnad's prior conveyances to Stolhandske void. Rather, the Legislature has provided that when "property is conveyed or transferred to a trustee in trust but the conveyance or transfer does not identify the trust or disclose the names of the beneficiaries, the

8

trustee may convey, transfer, or encumber the title to the property without subsequent question by a person who claims to be a beneficiary under the trust." Tex. Prop. Code § 114.082. As the deeds from Happy Jack to Strnad did not disclose a trust or a beneficiary, Strnad had statutory authority to convey title to the property "without subsequent question" from Behrend. *See id.* As such, the existence of the trust would not render Strnad's prior conveyances void.[5]

Accordingly, we conclude limitations bars the appellants' claims and affirm the judgment of the trial court dismissing the appellants' suit to quiet title.

**Attorney's Fees**

In their second issue on appeal, the appellants contend the trial court abused its discretion in awarding against them jointly and severally $20,750 for Strnad's attorney's fees. Strnad had moved for attorney's fees under the Uniform Declaratory Judgments Act (UDJA), contending fees were warranted because of Behrend's history of vexatious litigation and violence against Strnad. The trial court made no findings of fact in support of the award, and the order does not specify the legal basis for awarding attorney's fees. "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006).

In their last amended petition, the appellants pleaded their case as a suit to quiet title and requested that Strnad and HH&L's deeds be declared null and void and that the cloud on

---

[5] Behrend pleaded in this suit that Strnad and Stolhandske were aware of his beneficial interest in the properties, and in prior suits, has alleged that they conspired to defraud him of his property. We note that, at best, this allegation would render the deeds merely voidable and subject to limitations. "Deeds obtained by fraud are voidable rather than void, and remain effective until set aside." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007).

Behrend's title be removed. Because the appellants sought declaratory relief, Strnad contended the trial court had discretion to award attorney's fees under the UDJA. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (allowing under UDJA "reasonable and necessary attorney's fees as are equitable and just"). The Texas Supreme Court, however, has held that the trespass-to-try-title statute is the exclusive method to adjudicate rival claims of title and possession to real property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 926 (Tex. 2013) (when trespass-to-title statute governs parties' substantive claims, plaintiff may not proceed alternatively under UDJA to recover its attorney's fees); *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (same); *see also* Tex. Prop. Code § 22.001 ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). The Legislature did not provide for attorney's fees in such actions. *Martin*, 133 S.W.3d at 267. Thus, when "the trespass-to-try-title statute governs the parties' substantive claims," attorney's fees are not alternatively recoverable under the UDJA. *Id*.

Here, the appellants sought to adjudicate rival claims of title and possession of real property. A suit to quiet title that requires determination of the parties' possessory rights to real property, as in this case, is essentially the equivalent to a trespass-to-try-title action. *See Parker v. Hunegnaw*, 364 S.W.3d 398, 402 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Coinmach Corp.*, 417 S.W.3d at 926 (determination of possessory rights "is the very relief that the trespass-to-try-title statute governs"). As such, the trespass-to-try-title statute was the appellants' exclusive remedy, and the trial court abused its discretion by awarding attorney's fees under the UDJA. *See Coinmach Corp.*, 417 S.W.3d at 926.[6]

---

[6] As the trial court failed to make findings to support the award or otherwise specify what acts or omissions by the appellants warranted sanctions, an award of attorney's fees under either Chapter 10 of the Civil Practice and Remedies Code or Texas Rule of Civil Procedure 13 would also

**CONCLUSION**

We conclude limitations barred the appellants' claims and affirm the trial court's dismissal of the suit. We, however, conclude the trial court abused its discretion by awarding attorney's fees to Strnad without a statutory basis to support the award. Accordingly, we reform the judgment to delete the award of attorney's fees. We affirm the judgment as reformed.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Reformed and, as Reformed, Affirmed

Filed: March 27, 2015

---

be an abuse of discretion. *See* Tex. Civ. Prac. & Rem. Code § 10.005 ("A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed."); Tex. R. Civ. P. 13 ("No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.").