ACCEPTED
01-15-00388-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/2/2015 4:25:00 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-15-00388-CV**

**IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/2/2015 4:25:00 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE INTEREST OF
M.A.B., IV**

**M.A.B, JR.,
APPELLANT
VS.
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
APPELLEE**

**ON APPEAL FROM THE 314TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 2014-00044J**

**APPELLANT'S RESPONSE BRIEF**

**CONNOLLY & SHIREMAN, LLP
William B. Connolly
State Bar No. 04702400
2930 Revere, Suite 300
Houston, Texas 77098
Telephone (713) 520-5757
Facsimile (713) 520-6644
wbc@conlawfirm.com**

**ATTORNEY FOR M.A.B., JR.**

2015.10.02 REPLY BRIEF.wpd

# **TABLE OF CONTENTS**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      RESPONSE TO REPLY POINT ONE: Whether the Decree for
      Termination Was Final. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      RESPONSE TO REPLY POINT TWO: Whether Ineffective
      Assistance of Counsel Affects Grounds for Termination.. . . . . . . . . . . . . 4

      A.    §161.001(1)(O) and Ineffective Assistance of Counsel.. . . . . . . . . . . 5

      B.    §161.001(1)(Q) and Ineffective Assistance of Counsel.. . . . . . . . . . 7

      C.    Best Interest of the Child and Ineffective Assistance of Counsel. . . . 9

      RESPONSE TO REPLY POINT THREE: Whether Ineffective Assistance
      of Counsel Requires Reversal of Termination and Conservatorship.. . . . . 11

CERTIFICATION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## Cases

Custom-Crete, Inc. v. K-Bar Servs, 82 S.W.3d 655
(Tex. App. - San Antonio 2002, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ford v. Exxon Mobil Chem. Co., 235 S.W. 3d 615 (Tex. 2007). . . . . . . . . . . . . . 2

In re J.O.A., 283 S.W.3d 336 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

In re M.S., 115 S.W.3d 534 (Tex. 2003).. . . . . . . . . . . . . . . . . . . . . . . . 10, 14, 15

In re V.V., 349 S.W.3d 548
(Tex. App.-Houston [1st Dist.] 2010, no pet.)(en banc). . . . . . . . . . . . . . . . . 12-14

Lehman v Har-Con Corp., 39 S.W.3d 191 (Tex. 2001). . . . . . . . . . . . . . . . . . . . 2

Strickland v. Washington, 466 U.S. 668 (1984). . . . . . . . . . . . . . . . . . . . . . 12, 13

United States v. Cronic, 466 U.S. 648 (1984).. . . . . . . . . . . . . . . . . . . . . . . 12, 13

## Statutes

Tex. Fam. Code § 262.114 (a-1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

Tex. Fam. Code § 262.114 (a-2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Fam. Code §107.0131. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 15

## Rules

Tex.  R. Civ. P. 245. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. Civ. P. 22.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. Civ. P. 301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

Tex. R. Civ. P. 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. Civ. P. 47. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Constitutions**

Tex. Const, art.1, § 19.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.S. Const. amend XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Other Authorities**

Tex. Code Prof. Resp., Rule 1.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. Code Prof. Resp., Rule 1.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. Code Prof. Resp., Rule 1.03. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

The Supreme Court of Texas  Permanent Judicial Commission for Child,
Youth and Families, Legal Representation Study:  Assessment of
Appointed Representation in Texas Child-Protection Proceedings
(Jan. 2011), §§ VII, VIII. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

NO. 01-15-00388-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON

IN THE INTEREST OF
M.A.B., IV

M.A.B, JR.,
APPELLANT
VS.
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
APPELLEE

ON APPEAL FROM THE 314TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 2014-00044J

APPELLANT'S RESPONSE BRIEF

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Appellant, M.A.B., JR., and respectfully submits his Appellant's Response Brief in this cause. For the sake of clarity, M.A.B., JR., Respondent in the trial court, is referred to as "M.A.B., JR.", "Appellant" or "Father" in this Brief. Appellant's trial counsel is referred to as "S.D." The Petitioner in the trial court, DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, is referred to as "the Department", "DFPS", "the Agency", or "Appellee."

## ARGUMENT AND AUTHORITIES

**RESPONSE TO REPLY POINT ONE:** Whether the Decree for Termination Was Final

Appellee initially decided who should be parties. **Tex. R. Civ. P. 22, 45.** Appellee sued Phylecia Holiday. **(CR 002, 89)**. Appellee served Phylecia Holiday **(3SCR 003)**. Appellee never non-suited or dismissed their cause of action against Phylecia Holiday. Subsequently, Phylecia Holiday filed pleadings seeking affirmative relief. **(2SCR19)**. Appellee dropped her from subsequent amended pleadings but never gave her notice of the final trial. **(2SCR35)**. There can only be one final judgment in each case and it must resolve all issues as to all parties. **Tex. R. Civ. P. 301.** A presumption of finality is a good idea but should not hold in a situation where a party is pled into a case, files responsive pleadings seeking affirmative relief and is subsequently not notified of the trial on the merits. Whatever the recitations might be, the record affirmatively proves that a party to the action seeking affirmative relief was not notified of the final trial, did not appear at the final trial and the judgment does not dispose of all issues as to all parties. Under the Texas Rules of Civil Procedure and holdings of the Texas Supreme Court a judgment is final only if it disposes of all issues and all parties. **Tex. R. Civ. P. 301; <u>Ford v Exxon Mobil Chem. Co.</u>, 235 S.W. 3d 615, 617 (Tex. 2007); <u>Lehman v Har-Con Corp.</u>, 39 SW 3d 191, 200 (Tex. 2001)**.

When a party wishes to set a contested case for trial it must send reasonable notice of the same to all parties. **Tex. R. Civ. P. 245.** There is no factual or legal basis upon which the Court or DFPS can say this one (1) document filed by the Paternal Grandmother, Phylecia Holiday is three (3) separate documents relative to which it could be assumed that the relief being sought was interlocutory or not. The claim is sufficient to give fair notice of the claim involved. **Tex. R. Civ. P. 47.** On its face the document requests a Standard Possession Order. No one filed special exceptions. No one did anything at all but ignore her and her claims for relief.

There is also no factual or legal basis for the assertions suggested by Appellee that after a party files a claim for affirmative relief, the Court can default or adjudicate that party on the final merits of their claim if they fail to appear for a permanency hearing on the issue of placement of the child. Moreover, Appellee seems to be asserting that a party that it named and served and who filed claims for affirmative relief can be dispatched from the suit, without notice or process, merely by a recitation in a Decree (that Appellee's trial counsel drafted) that dismisses them and their claims. Finality is an important principle. However, it was never intended to replace the fundamentals of due process, notice and an opportunity to be heard. **U.S. Const. amend XIV; Tex. Const, art.1, § 19**.

A failure to notify all parties of a final trial followed by the commencement of and conclusion of a trial without that party actually deprives the party of their

constitutional due process rights and is grounds for reversal. **Custom-Crete, Inc. v. K-Bar Servs, 82 S.W.3d 655, 659 (Tex. App. - San Antonio 2002, no pet.)**. While those claims for relief and those procedural and statutory rights belong to Phylecia Holiday, Appellant believed it to be appropriate to address the issue as to whether the Decree is Interlocutory or Final. Based upon the pleadings and record in this case, it appears to be interlocutory. If it is, it dramatically affects the outcome of the appeal.

> **RESPONSE TO REPLY POINT TWO: Whether Ineffective Assistance of Counsel Affects Grounds for Termination**

This case presents the Court with a fundamental question. Can a court-appointed attorney fail to comply with their specific statutory duties and not communicate with their client during the entirety of the pre-trial proceedings and still be found to have provided effective assistance? Aside from the unnecessary assumptions Appellee makes about Appellant, his intentions or his character, this case brings to the forefront of DFPS termination cases, the angst of parents, family, the Supreme Court Permanent Commission and many independent observers over the quality of appointed representation of parents and children in DFPS cases. DFPS is requesting this Court to sidestep around the statutory duties of DFPS, sidestep around the statutory and common law duties of Appellant's counsel and sidestep around the derivative consequences of ineffective assistance of counsel. The gist of the

Department's reply is that because Appellant is in prison, he is lazy, uncaring, apathetic and deceptive and is therefore not entitled to effective representation of counsel.

### A. §161.001(1)(O) and Ineffective Assistance of Counsel

The uncontradicted evidence was that even though Appellant started the CHANGES program, he subsequently was housed by TDCJ in a unit where that program and those services became unavailable. **(SRR P 87, L9-20)**. The DFPS caseworker admitted that the only effort she made to communicate with Appellant was to send him the Family Service Plan. **(RR, V 3 P 13, L 5-17)**. Appellant testified that he did send correspondence to the DFPS caseworker but she did not respond. **(SRR P90,L1-10;P96, L21-P97, L1)**. This was not an excuse, it was a statement of fact. This is not evidence of a lazy, uncaring or apathetic father or an admission that he was not willing to do the program. It simply means that he was transferred to a unit where it was unavailable and he could not complete it. When the terms of an order are impossible to comply with, in a conventional case, the party advises their lawyer and the lawyer prepares and files a motion and, if necessary, sets a hearing to address the issue with the Court and seek relief from the potential consequences of non-compliance. Faced with termination of his parental rights for non-compliance, there is no plausible, professional reason to not seek relief from the Court when

Appellant's ability to comply with the Family Service Plan and Court Order became impossible.

Statements of fact are not excuses. It is a fact that the option of having his attorney bring his inability to comply to the court's attention was impossible in this case because Appellant was unaware that he had a lawyer. It is a fact that no effort was made to contact Appellant or to communicate with him directly. It is a fact that Appellant was left without recourse so that this and other issues could be addressed. It is a fact that Appellant had filed pro se motions, with a certificate of service on counsel of DFPS, requesting to participate in the pre-trial hearings. **(SRR, P42, L10-P46, L4; Abatement Hearing, Ex. 11,12, 14)**. It's a fact that these motions were ignored. Had he been allowed to participate and had effective assistance of counsel who would have known about the impossibility of performance this could and should have been addressed with the Court. No reasonable attorney would have failed to do so because ignoring the fact that it was impossible to perform would and did put Appellant's parental rights at risk.

Furthermore, DFPS, also ignored it's statutory responsibilities and the requirements of the Family Service Plan imposed upon DFPS. It was inequitable, at best, to subject Appellant to termination of his parental rights because he did not fill out and return to DFPS a Child Placement Resources Form that the caseworker admitted that she never sent to him. **(RR V 3, P13, L15-17)**. DFPS is statutorily

required to provide the form to Appellant. **Tex. Fam. Code § 262.114 (a-1)**. DFPS is required to file the form. **Id**. No such form is filed. Since no such form was filed or provided, it is also clear that DFPS did not file its statutorily required statement as to why the child was not placed with relatives. **Tex. Fam. Code § 262.114 (a-2).**

According to DFPS, the failure of Appellant's attorney to address these failures by DFPS to perform its mandatory statutory duties should be of no consequence because Appellant did not do everything correctly on his own. Appellant is not suggesting that it was attorney's responsibility to comply with a Family Service Plan. However, he tried to participate and was ignored. **(SRR, P 42, L10-P46, L 4, Abatement Hearing, Ex. 11,12, 14)**. He is saying that it was his attorney's responsibility to discuss the case with him, discuss that compliance was impossible and to do something about it. While Appellant may have some shortcomings, asserting a claim for ineffective assistance of counsel does not mean he did not take his case and child seriously, does not mean he was deceptive and does not mean that he was apathetic. **(Appellee's Reply Brief, 49-50)**. The case should be reversed and remanded for a new trial.

**B.** **§161.001(1)(Q) and Ineffective Assistance of Counsel**

DFPS approved a home study on Appellant's aunt, Jacklyn Ross and told the court that they would place the child with Ms. Ross if directed to by the Court. The Department indicated some vague, non-specific concerns. **(RR V 3 P15, L 11-P17,**

**L21)**. Appellant wanted his aunt, Ms. Ross, to care for the child. **(SRR P 33, L10-21)**. DFPS suggests that there is 100% responsibility on Appellant to establish the ability to provide alternate care arrangements for his child and 0% responsibility on the part of his attorney. Appellant, on the other hand, complains that his attorneys misinformed the relatives at the beginning of the case that certain family members were ineligible for placement when they were not. **(SRR P111, L23-P112,L19)**. Had anyone, including counsel for DFPS, responded to Appellant's Motion to Participate in the Pre-Trial Hearings they could have elicited his preferences and also addressed DFPS's non-compliance with the Family Service Plan. The whole point of having an attorney is for that attorney to directly advise and assist the parent throughout the pendency of the case. Clearly that did not happen in this case. Appellant's aunt was clearly capable of caring for the child. **(SRR P111, L16-20; P112,L20-22).** Her home study was approved by DFPS for placement. **(RR V 3, P16, L 22-24)**. Finally, it is not that Appellant did not approve of his aunt for placement. However, there was evidence that Appellant, in fact, had other resources and placement options which were never made known to the Court prior to trial because S. D. never communicated with Appellant to find out who they might be. **(SRR P 84, L20-25)**.

It is important to note that Appellant is not trying to blame DFPS or his attorney for his shortcomings. He is not attempting to make excuses or to avoid responsibility. The record does not support such a conclusion. He does not even

necessarily expect a completely level playing field. However, he believes, and rightfully so, that the holdings of the Texas Supreme Court, the statutes passed by the Texas Legislature and the decisions of the United States Supreme Court require substantially more effective representation than was provided to him by counsel in the Court below. Accordingly, the case should be reversed and remanded for a new trial.

### C.   Best Interest of the Child and Ineffective Assistance of Counsel

DFPS makes assertions about best interest that are not supported by the record.

### 1.   The desires of the child

The facts of this case established absolutely nothing relative to the desires of the child. Any amount of construction otherwise is only speculation and is not rooted in the facts from the trial court. Many children actually end up lost and confused about their birth families and why they were taken from them. There is no evidence of the desires of this child either way because he was too young to articulate them.

### 2.   Physical and Emotional Needs, Emotional and Physical Danger and Programs of Assistance

The conclusive evidence in this case, if anything, is the ineffective assistance of counsel. There is no evidence that Appellant even knew of the existence of this child or the mother's pregnancy prior to his incarceration. There was a family placement available for the child. **(RR V 3, P16, L 22-24)**. There were other

placements that could have been explored and offered. Stable, safe secure relative placement was available. The entire statutory scheme is designed to prevent what happened in this case. **In re J.O.A., 283 S.W.3d 336, 341 (Tex. 2009)**; **In re M.S., 115 S.W.3d 534,548 (Tex. 2003)**. It is designed to allow children to maintain family bonds rather than becoming attached to foster parents. It is designed to prevent parents from losing their parental rights because legal representation that falls below the mandatory statutory and case precedent standards. **The Supreme Court of Texas Permanent Judicial Commission for Child, Youth and Families, Legal Representation Study: Assessment of Appointed Representation in Texas Child-Protection Proceedings (Jan. 2011), §§ VII, VIII.** It is designed so that when issues as to service plans come up, the parents' attorney can address it with their client and the Court. It is designed so that an indigent parent does not have to try (albeit unsuccessfully) to participate in the proceedings as a pro se party. It is designed so that each hearing and each stage of a termination proceeding is a "critical stage" because of the legal risks involved and because the legislature mandated that the attorneys confer with their client before each one. **Tex. Fam. Code §107.0131(G)**. It is designed for advocacy in the present and not for negative speculation as to a person's character in the future.

### 3. Parental Abilities, Stability of Home or Placement

Appellee is correct that Appellant had never met the child and that there was

no evidence presented in the trial of the case that spoke to this issue. There is evidence of a history of conduct before his only son was born but none that relates to his parenting abilities. The uncorroborated and unchallenged hearsay statements alluded to by Appellee are not actual evidence in the trial of the case and do not factually support the Decree. They are pleadings. They are not evidence. Judgments must be supported by pleadings and evidence. **Tex. R. Civ. P. 301**. There was no such evidence presented in the trial of this case.

DFPS approved a relative placement with Ms. Ross. The child had a relationship with her biological family. He also had a relationship with the foster parent but there was no evidence of her abilities, stability or her actual home or placement. Permanence includes managing conservatorship without the finality of termination.

**RESPONSE TO REPLY POINT THREE: Whether Ineffective Assistance of Counsel Requires Reversal of Termination and Conservatorship**

When confronted with concrete, specific and overwhelming evidence that appellant's trial attorney did not comply with either the statutory or common law duties of effective representation, Appellee attempts a misdirection strategy. DFPS labels Appellant's legitimate complaints as blame or excuses and labels Appellant in negative light. It is the equivalent of saying, "Hey Appellate Court, don't look at that issue at all. Look over here. See what a bad guy he is." DFPS never really addresses

the issue of ineffectiveness on the merits. Probably because there is no way to defend it. Effective assistance of counsel does not mean that an attorney blames others for the acts or omissions of the client. It does mean that the attorney regularly communicates with the client, seeks out the client's objectives of the representation and then zealously pursues those objectives within the bounds of the law. **Tex. Code Prof. Resp., Rules 1.01, 1.02, 1.03.** It does not mean that the attorney denies the existence of prior acts but it does mean that the lawyer make some effort to mitigate against the potential consequences and to do so by subjecting the state's case to a meaningful adversarial testing. **Strickland v. Washington, 466 U.S. 668, 696 (1984); United States v. Cronic, 466 U.S. 648, 659 (1984)**. It is possible to some degree, to act as a client's attorney without communication with the client, but the absence of communication and meaningful adversarial testing during the critical pre-trial proceedings can and did set Appellant up for adverse findings on a final hearing.

This Court has written extensively on the issue of ineffective assistance of counsel in a parental rights termination case. **In re V.V., 349 S.W.3d 548 (Tex. App.-Houston [1st Dist.] 2010, no pet.) (en banc)**. The majority, distinguished the presumptive harm standards in **Strickland** and **Cronic** from the father because the record did not reflect the scope of the ineffectiveness claim and that an appropriate methodology would be to abate and remand for a hearing. **Id. at 559.** Unlike V. V. that procedure was employed in this case. In V. V., the Court held that it could not

discern whether counsel was following the father's instructions. **Id.** We know that in this case, there were no instructions to counsel because there was no pretrial communication between S. D. and Appellant. In his concurring opinion, Justice Massengale made it clear that harm can be presumed in one of 3 circumstances. **Id. at 564.** One of these elements is the complete denial of counsel at a critical stage of the proceedings. **Id.** The legislature mandated specific legal duties and mandated the attorney for the parent meet with the parent prior to every hearing and that the trial court ascertain compliance or make a good cause finding for non-compliance. **Tex. Fam. Code § 107.0131(G)**. Neither was done in this case. There where no meetings and no communications with the client for over a year of representation. Under these circumstances, non-compliance with the statutory mandates and the lack of direct communication with the client through each critical state compels a finding of harm. Further, the existence of statutory duties should elevate the standard of appellate review beyond the limits of **Strickland**. The elements of the statute set a minimum legal standard upon which counsel must comply. Where there is this type of non-compliance with the statutory duties and the standards articulated by the U.S. Supreme Court in both Cronic and Strickland, harm should be presumed. **Strickland, 466 U.S. at 692**; **Cronic, 466 U.S. at 659**.

Justice Keyes recognized that ineffectiveness exists when, there is no plausible professional reason for a specific act or omission. **V.V., 349 S.W.3d at 572**. There

is no plausible professional reason for the complete absence of communication between the attorney and Appellant in this case. A failure to find ineffective assistance of counsel and presumptive harm in this case will make Justice Jennings portentous statement of concern (i.e. the majority opinion in V.V. would shut down all claims for the constructive denial of counsel) an accurate prediction. **Id. at 577.** The Department has previously and unsuccessfully asserted that there should be no case specific consequence in a claim for ineffective assistance of counsel because the procedural scheme made no provision for incompetence. **In re J.O.A. , 283 S.W.3d 336, 341 (Tex. 2009)**. Noting that the Department had ignored the Court's ruling, the Supreme Court stated that the State's interest in protecting the child's welfare must begin by working toward preserving the familial bond, rather than severing it. **Id.; see also, M.S., 115 S.W.3rd at 548**. Once it is clear that a parent cannot or will not provide a safe, stable family environment, then the State's interest in protecting the welfare of the child shifts to establishing that safe, stable and permanent environment for the child elsewhere. **Id. at 548-549**. Appellant's ability to provide that environment was not known because neither the Department nor Appellant's counsel made any effort at all to ascertain his abilities. The caseworker made no attempt to communicate with him or even follow the statutory duty and FSP duty to provide him with Child Placement Resources Form. Appellant's attorney made no effort to

ascertain this either. It is as if everyone just assumed that the inquiry should end with Appellant being in prison.

The Supreme Court concluded in **M.S.** that the goal of ensuring the child's safety and stability was served by procedures promoting an accurate determination of whether a parent could provide a normal home and disserved by procedures that did not. **M.S., 115 S.W.3rd at 549.** The Texas Legislature mandated requirements on DFPS to seek an accurate determination of each parent's abilities and for the attorneys for the parents to do the same thing. **Tex. Fam. Code § 262.114(a-1); Tex. Fam. Code § 107.0131**. While both DFPS and Appellant's attorney made some effort at maintaining a family bond, it seems unlikely that either DFPS or SD could ascertain this when no effort was made to communicate with Appellant. There is evidence that Appellant attempted to communicate with the caseworker and attempted to participate in the Court proceedings. The evidence reflects both these efforts were ignored. In **M.S.**, the Supreme Court held that a trial attorney's failure to timely file a Statement of Appellate Points, while still representing the client, was tantamount to client abandonment at a critical stage of the proceedings. **M.S., 115 S.W.3rd at 543**. Appellant is asking this Court to hold that S.D.'s complete failure to communicate with him for the whole year of critical state pre-trial proceedings was client abandonment and ineffective assistance of counsel. It is the type of denial of

counsel that generates a presumption of harm and necessitates a reversal of the termination case and a remand for a new trial. Appellant requests that this Court find that he did not receive a fair trial, did not have effective representation during the entirety of the pre-trial and that as a result, the results of the termination proceedings were unreliable. The Department asserts that the Legislatures' mandates of legal duties to parents by counsel in termination cases should only result in a grievance against counsel. This is a variation of the same argument it made in **J.O.A**. A grievance does absolutely nothing to restore Appellant's parent-child relationship or to rectify the harm caused by the total failure of his counsel to communicate with him for over a year while his case was pending in the trial court. In the Department's view, counsel can abandon the client, not communicate with the client, not seek or follow any of the client's objectives and that none of this should matter provided that counsel engaged in some legal activities in the course of the case.

Appellee also sidesteps the whole jury or non jury issue by claiming the record was not clear. However, the record could not be any clearer. Appellant's attorney acknowledged that the right to a jury trial would have been an important matter to discuss with Appellant but that she did not remember if never discussed a jury trial option with Appellant when she communicated with him for the first time on the morning of his trial. **(SRR P 48, L24-P49,L11)**. Counsel acknowledged that

Appellant had not requested a jury trial. No one refuted Appellant's testimony that the option was never presented to him and if it had been, he would have chosen a jury trial. **(SRR P85, L13-22)**. The pros and cons of a jury trial were not discussed with Appellant because he never knew that he had those options. **(SRR P85, L23-25).**

Appellee also ignores that fact Appellant would have had to make the request at least 30 days prior to the date Counsel first spoke to him. **Tex. R. Civ. P 216a**. The Department urges that Appellant had no right to a jury trial. **(Appellee Brief)**. Such a claim is without merit. This claim comes from hindsight after the trial even though counsel only met the client for the first time on the morning of trial. It ignores the entire ineffectiveness claim. It ignores the factual evidence requirements of each ground and the legal duties of both counsel and the Department. Finally, it ignores completely the requirements of clear and convincing proof on best interest.

Moreover, the entirety of the case must fail as to Appellant. The attorney had the same duties with respect to all aspects of the case, including the Managing and Possessory Conservatorship of the child. Harm should be presumed in the entirety of the case or alternatively, the court should find that harm has been satisfactorily established and the entirety of the claims against Appellant should be reversed and remanded for a new trial. Fundamentally, Appellee is requesting that this Court ignore the statutory requirements of counsel, ignore the mandates of the Texas

Supreme Court, ignore the mandates of the United States Supreme Court and ignore Appellant's constitutional  statutory and common law rights to be recognized as a parent, as a litigant who had a voice that mattered in the termination and conservatorship proceedings.

Appellant's criminal history and behavioral faults are apparent in the record. Each of these occurred prior to the birth of his only child.  And while this history is clearly relevant in this proceeding, so are his rights and particularly the right to effective assistance of counsel.  Accordingly, Appellant respectfully requests this Court to find ineffective assistance of counsel and reverse the termination of Appellant's parental rights and the conservatorship finding and remand the entire case back to the trial court for a new trial.

Appellant prays for general relief

Respectfully submitted,

CONNOLLY & SHIREMAN, LLP

/s/William B. Connolly
William B. Connolly
State Bar No. 04702400
2930 Revere, Suite 300
Houston, Texas 77098
Telephone (713) 520-5757
Facsimile   (713) 520-6644
wbc@conlawfirm.com

ATTORNEY FOR M.A.B., JR.

## CERTIFICATION

I, William B. Connolly certify that this Appellant's Response Brief was prepared with WordPerfect 12, and that, according to that program's word-count function, the sections covered by Tex. R. App. P. 9.4(i)(1) contains 4898 words.

/s/ William B. Connolly
William B. Connolly

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Appellant's Response Brief was served on:

Sandra Hachem, Attorney for DFPS, 1019 Congress, 17th Floor, Houston, Texas 77002 *– via electronic filing service at **Sandra.Hachem@cao.hctx.net***; and

John Spjut, Attorney Ad Litem for Child, 10924 Grant Road, Suite 623, Houston, Texas 77070 – *via electronic filing service at **spjutlaw@sbcglobal.net***

on this the 2nd day of October, 2015.

/s/ William B. Connolly
William B. Connolly