**AFFIRMED and Opinion Filed March 20, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-01294-CV**
_____

**TERESA CASTANEDA AND GUADALUPE CASTANEDA, Appellants**

**V.**

**LARRY RAY NEWSOM, CAROLYN SUE NEWSOM, AND ABACUS FUNDING GROUP, LLC, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-15852**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Garcia

This case involves a suit on a real estate transaction that occurred over twenty years ago. In three issues, Teresa Castaneda and Guadalupe Castaneda (together, the "Castaneda") argue the trial court erred (i) in excluding her testimony and exhibits at trial, (ii) in ruling that her claims are barred by the statute of limitations, and (iii) in ruling that her pleadings do not raise a fact issue and do not support a contractual or fraud claim against Ray and Carolyn Newsom (together, the "Newsoms"). We conclude the trial court did not err by excluding untimely disclosed evidence. After that evidence was excluded, the only evidence before the court conclusively proved

that the Newsoms were entitled to judgment as a matter of law on Castaneda's statutory fraud and breach of contract claims. We affirm the trial court's judgment.

## I. Background

In 1997, Castaneda entered into a seller-financed purchase of the Newsoms' home. To finance the purchase, Castaneda executed a Real Estate Lien Note (the "Note") secured by a vendor's lien (the "Lien") payable to the Newsoms. Castaneda also executed and delivered a deed of trust (the "Deed") securing the debt for the benefit of the Newsoms.

The Newsoms contend that Castaneda did not consistently make the required payments or pay property taxes and insurance for the property. Abacus Funding Group, LLC ("Abacus") purchased the Note from the Newsoms on March 30, 2020. Castaneda began making payments to Abacus.

In September 2020, Abacus sent Castaneda notice of non-judicial foreclosure. A month later, Castaneda filed the underlying lawsuit against Abacus and the Newsoms.

The verified petition and application for injunctive relief alleged claims against the Newsoms for statutory fraud and breach of contract and against Abacus for statutory fraud. The Deed, the Lien, and the Note were attached to the petition, and Castaneda alleged that these documents constituted the contract the Newsoms allegedly breached. Regarding statutory fraud, the petition alleged that the Newsoms made false representations of material fact that they would transfer title to the

property to induce Castaneda to enter into a contract to purchase the property and Castaneda relied on this false representation to enter into and make payments on the contract.

Abacus moved for summary judgment and the trial court granted the motion and severed those claims from the case. The same day, Castaneda amended the petition to assert new claims against the Newsoms.

The case was set and reset for trial four times, and the court declined to reopen discovery. On July 8, 2022, thirty days before the fourth trial setting, Castaneda served the Newsoms with a document entitled "First Amended Response to . . . Request for Disclosure." Thereafter, the Newsoms moved to strike the amended petition and evidence and witnesses disclosed under the "Amended Disclosures" as untimely because pursuant to the court's scheduling order, discovery closed on September 24, 2021. Moreover, according to the Newsoms, Castaneda had never served any responses to the initial disclosure request until she served the document entitled "Amended Disclosures."

On July 20, 2022, the Newsoms filed a traditional and no-evidence motion for summary judgment, or alternatively, motion for directed verdict. Castaneda did not respond, and the motion was not set for hearing.

On August 8, 2022, the day before the case was set for trial, the Newsoms filed a motion based on TEX. R. CIV. P. 248 for "Pre-Trial Rulings and Judgment as a Matter of Law." The motion requested that the court construe the parties'

contractual obligations pursuant to the Lien, Note, and Deed, arguing that, as a matter of law, the documents contain no legal obligations for the Newsoms to breach. The Newsoms further requested that the court determine, as a matter of law, that Castaneda's claims are time barred. In support of the motion, the Newsoms included Castaneda deposition testimony that the dispute arose in 2014, and the alleged fraudulent misrepresentations were made after they purchased the property. The Note, Lien, and Deed were also attached to the motion.

The case was called to trial on August 9, 2022. Prior to jury selection, the court heard arguments on the Newsoms' motion to strike and exclude evidence and the motion filed pursuant to Rule 248. The Deed, Lien, and Note were admitted into evidence by stipulation. After hearing the arguments of counsel, the court granted the motion to strike the petition. The court also granted the motion to exclude. That order specifically states that Castaneda is "prohibited from offering any evidence of Plaintiffs' claims for breach of contract, statutory fraud and/or violations of the Texas Property Code against [the Newsoms]," and any evidence of alleged damages and attorney's fees.

The court also granted the motion made pursuant to Rule 248, and made the following determinations as a matter of law:

1. the pleadings in this case do not raise a fact issue;

2. the documents made the basis of Appellants' suit are construed not to support any basis for liability or contractual obligations owed by [Castaneda];

–4–

3. based on Castaneda's affidavit in support of . . . request for injunctive relief, along with arguments of Castaneda, there is no dispute as to when Castaneda's claims accrued; and

4. as a matter of law, Castaneda's suit occurred after the applicable statute of limitations period had expired.

Two days later, the trial court entered a final judgment that Castaneda take nothing on the claims against the Newsoms. The judgment stated, in pertinent part:

The Court considered and entered evidence as stipulated between the parties.

The Court further considered [the Newsoms'] pre-trial motions to construe Plaintiffs' pleadings/as a matter of law and to exclude. evidence. The Court notes that it granted such pre-trial motions.

There being no evidence to support a judgment in favor of Plaintiffs, the [Newsoms] moved the Court for a judgment as a matter of law, which was granted by the Court.

The trial court also made findings of fact and conclusions of law.

Castaneda filed a motion for new trial, but the motion was not set for hearing.

Castaneda subsequently filed this appeal.

## II.    Analysis

### A.    Excluding the Untimely Disclosed Evidence

Castaneda's first issue argues the trial court erred in excluding her untimely disclosed evidence; specifically, the witnesses and evidence identified in her July 8, 2022 disclosure response. A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000).

According to Castaneda, the exclusion constituted an improper death penalty sanction under TEX. R. CIV. P. 215. Castaneda's characterization is misplaced. There was no Rule 215 motion before the court and the court did not impose a Rule 215 sanction. The motion to exclude was based on TEX. R. CIV. P. 193, and that is the rule the trial court considered and applied.

TEX. R. CIV. P. 193.6 governs untimely discovery responses:

(a) Exclusion of Evidence and Exceptions. A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) Burden of Establishing Exception. The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

TEX. R. CIV. P. 193.6(a), (b). The penalty under Rule 193.6 for a party's failure to respond to a discovery request is the mandatory exclusion of the unidentified witness or evidence sought. *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992).

The trial court's findings of fact and conclusions of law include the following findings:

• On or about November 23, 2020, [the Newsoms'] served Castaneda with [the Newsoms'] request for disclosures, and

• Castaneda's' disclosure responses were made for the first time on or about July 8, 2022, and 30 days before the fourth trial setting in this matter.[1]

Castaneda does not challenge these findings on appeal and the record supports the findings. Accordingly, the findings are binding on appeal. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).

During the hearing, Castaneda argued that the responses to the disclosures had been timely served by e-filing with a cover letter to counsel and the court but produced no evidence to establish that such service occurred. The court confirmed there was no such filing in the court's records.[2]

Castaneda argues that even if the disclosure response was untimely, exclusion was not mandatory because the Newsoms were not surprised or prejudiced. Specifically, she contends that the Newsoms were copied on the discovery responses she served on Abacus. This is neither adequate nor established in the record. Absent a showing of surprise or prejudice, the exclusion of untimely produced evidence is mandatory and automatic. *Cornejo v. Jones*, 05-12-01256-CV, 2014 WL 316607, at

---

[1] The scheduling order does not appear in our record, but there is no dispute that discovery had closed and a filing in July 2022 was untimely.

[2] The untimely produced billing records also do not include an entry for drafting the disclosure responses Castaneda claims were timely filed and served.

*3 (Tex. App.—Dallas Jan. 29, 2014, no pet.) (mem. op.). Therefore, the trial court did not err by excluding the evidence.

## B.    Rulings on Limitations and Support for Castaneda's Claims

Castaneda's second issue argues the trial court erred in ruling that her claims are barred by the statute of limitations, and her third issue argues the court erroneously concluded that her pleading does not support claims for statutory fraud or breach of contract. We note at the outset that Castaneda does not challenge the propriety of utilizing TEX. R. CIV. P. 248 to make these determinations as a matter of law.[3] Instead, she argues, without identifying the rule or standard at issue, that there are "material fact issues" about when the alleged breach and fraudulent conduct occurred.

We are aware that some courts have entertained requests for document construction and other legal determinations pursuant to Rule 248. *See Rodriguez v. JPMorgan Chase Bank, N.A.*, No. 04-14-00342-CV, 2015 WL 3772110, at *6–7 (Tex. App—San Antonio June 17, 2015, pet. denied) (mem. op.); *AIC Management Co. v. AT&T Mobility, LLC*, No 01-16-00896-CV, 2018 WL 1189865, at *4–5 (Tex. App.—Austin March 8, 2018, pet. denied) (mem. op.) but express no opinion on whether a motion made pursuant to Rule 248 is the proper procedural vehicle to

---

[3]TEX. R. CIV. P. 248 states, "[w]hen a jury has been demanded, questions of law . . . and other unresolved pending matters shall, as far as practicable, be heard and determined by the court before the trial commences . . . . ."

obtain the rulings at issue here. Our inquiry is limited to the unique procedural posture of this case and the issues raised by Castaneda.

The complained-of rulings are tantamount to a directed verdict. A directed verdict is proper when the evidence conclusively proves the fact that establishes a party's right to judgment as a matter of law, or the evidence is insufficient to raise an issue of fact. *Keys Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 864 (Tex. App.—Dallas 2012, no pet.). Castaneda's pleadings and evidence were stricken as untimely. In addition to the Rule 248 motion, the Newsoms had a pending request for a directed verdict.[4] The final judgment recites, "there being no evidence to support a judgment in favor or Plaintiffs, [the Newsoms] moved the court for a judgment as a matter of law, which was granted by the court." We examine Castaneda's argument concerning the existence of material facts in this context.

We begin with statutory fraud. Castaneda asserted a claim pursuant to TEX. BUS. & COM. CODE ANN. §27.01. The statute creates a cause of action for fraud in a real estate transaction as follows:

(a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a

(1) false representation of a past or existing material fact, when the false representation is

---

[4] There was also an outstanding motion for summary judgment, but that motion had not been on file for the requisite twenty-one days before a properly noticed hearing. *See* TEX. R. CIV. P. 166a(c).

(A) made to a person for the purpose of inducing that person to enter into a contract; and

(B) relied on by that person in entering into that contract[.]

*Id.*; *see also Collective Asset Partners LLC v. Schaumburg*, 432 S.W.3d 435, 443 (Tex. App.—Dallas 2014, pet. denied). As the express language of the statute reflects, the cause of action is available when the material and false representation is made for the purpose of inducing the plaintiff to enter the contract. *See Douet v. Romero*, No. 14-21-00363-CV, 2022 WL 16942867, at *8 (Tex. App.—Houston [14th Dist.] Nov. 15, 2022, no pet.) (mem. op.). A statutory fraud claim under Section 27.01 must be filed within four years of its discovery. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4); *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007).

The trial court found that Castaneda's verified petition established the applicable dates for limitations purposes. Indeed, it is undisputed that the real estate transaction occurred in 1997. The evidence shows, by Castaneda's own admission that the limitations clock began running in 2014 at the latest. Using that date, the statute of limitations had run by the time the petition was filed in October 2020.

We reject Castaneda's reliance on alleged misrepresentations that occurred after the sale. Even if there were pleadings or evidence to allege such misrepresentations, a false statement made after the parties enter a contract could not have induced the contract. *Marcontell v. Jacoby*, 260 S.W.3d 686, 691 (Tex. App.—Dallas 2008, no pet.). Therefore, the trial court did not err in concluding as a matter

–10–

of law that the statutory fraud claim was barred by limitations and the live pleading did not support the claim.

Likewise, there was no pleading or evidence to support the breach of contract claim. The petition alleged that the Deed, the Lien, and the Note comprised the contract the Newsoms allegedly breached, and those documents were admitted into evidence. The trial court found that these documents do not set forth any contractual obligations on the part of the Newsoms. The record supports this conclusion. Consequently, the trial court did not err in concluding there was no support in the pleadings or evidence for Castaneda's breach of contract claim.

## III. Conclusion

We resolve all of Castaneda's issues against her and affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
221294F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERESA CASTANEDA AND
GUADALUPE CASTANEDA,
Appellants

No. 05-22-01294-CV          V.

LARRY RAY NEWSOM,
CAROLYN SUE NEWSOM, AND
ABACUS FUNDING GROUP, LLC,
Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-15852.
Opinion delivered by Justice Garcia.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LARRY RAY NEWSOM, CAROLYN SUE NEWSOM recover their costs of this appeal from appellant TERESA CASTANEDA AND GUADALUPE CASTANEDA.

Judgment entered March 20, 2024.