**Reverse and Remand and Opinion Filed February 5, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00765-CV

### CAROL SHAW, Appellant
### V.
### BISHOP AIRFIELD RANCH, LLC, Appellee

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 90347**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Miskel

Appellant Carol Shaw appeals a summary judgment granted by the trial court

in a suit to quiet title brought by Appellee Bishop Airfield Ranch, LLC (Bishop

Airfield).

Shaw raises five issues on appeal. In the first four issues, she argues that the

trial court erred in granting summary judgment for the following reasons:

(1) Bishop Airfield failed to offer evidence of any element of its action
    to quiet title and fact issues exist regarding the easement,

(2) Bishop Airfield offered no evidence in support of its factual
    allegations regarding the existence of an easement by prescription
    or by estoppel,

(3) Bishop Airfield offered no evidence to conclusively disprove one necessary element of available easement theories, and

(4) The contract is not voidable on the basis of statute of frauds.

Shaw argues in her fifth issue that:

(5) The trial court erred in disposing of Shaw's counterclaim when Bishop Airfield's motion did not refer to it.

We conclude that Bishop Airfield has not proved that it is entitled to summary judgment as a matter of law on each element of its suit to quiet title. Further, the trial court erred in granting summary judgment on Shaw's counterclaim. We reverse the summary judgment on all claims and remand the case to the trial court for further proceedings consistent with this opinion.

## I. PROCEDURAL BACKGROUND IN THE TRIAL COURT

This case arises from Bishop Airfield's suit to quiet title against Shaw's claim to an easement for use of an airstrip located on land purportedly owned by Bishop Airfield in Hunt County, Texas (the Property). Around June 18, 2021, Shaw filed an affidavit in the county records claiming an easement to use the airstrip for personal aircraft as set forth in an attached contract of sale executed by Shaw's mother, Betty Holloway, to Bill Bishop in 1991. Shaw asserts that this contract granted Holloway the right to use the airstrip and that this right was passed to Shaw through deed filings. On August 26, 2021, Bishop Airfield filed a petition to quiet title. Shaw counterclaimed for breach of an oral contract by failing to abide by the terms of the original easement.

–2–

On November 15, 2021, Bishop Airfield filed a traditional motion for summary judgment based on Shaw's affidavit and the attached contract of sale. The notice of hearing was filed on December 6, 2021, for a hearing by submission on December 20.[1] On December 13, Shaw filed a response to Bishop Airfield's summary judgment motion. Neither party requested summary judgment on Shaw's counterclaim. On January 12, 2022, the trial court granted Bishop Airfield's motion for summary judgment.

On February 7, Shaw filed a motion for a new trial and request for findings of fact and conclusions of law. The trial court re-set Bishop Airfield's summary judgment hearing by submission to April 18 but did not rule on the motion for new trial. On April 19, Bishop Airfield filed proposed findings of fact and conclusions of law. On May 9, the trial court signed an order granting Bishop Airfield's motion for summary judgment but did not expressly address Shaw's counterclaim. The next day, the trial court sent a Rule 306a notice notifying the parties that an appealable judgment had been signed in the case. Shaw subsequently filed a motion for new trial and request for findings of fact and conclusions of law. The trial court signed findings of fact and conclusions of law on June 3 and denied Shaw's motion for a new trial on June 27. This appeal followed.

---

[1] Shaw notes that the notice of hearing set the hearing only 14 days after the filing of the motion for summary judgment rather than the 21 days required by Texas Rule of Civil Procedure 166a(c). Shaw filed a motion for a continuance of the hearing.

## II. APPELLATE JURISDICTION

In pre-submission filings, Bishop Airfield questioned this Court's jurisdiction to hear this appeal and raised the issue in its brief. We will first review our jurisdiction.

### A. Procedural Background on Appeal

The trial court's May 9 order granting Bishop Airfield's motion for summary judgment states, in relevant part:

> . . . After consideration of the motion and the evidence presented thereon, [Bishop Airfield's] Motion for Summary Judgment is hereby GRANTED, and this Court further orders as follows:
>
> 1. [Shaw's] Affidavit Claiming Easement is invalid and illegal under Texas law;
>
> 2. [Bishop Airfield's] Petition to Quiet Title is GRANTED and any claim of title in, on, or to the Property that [Shaw] has or may have in the future should be quieted; and
>
> 3. [Bishop Airfield] shall be granted an award of attorney fees and costs of suit in the amount of $5,000.00.

Bishop Airfield filed a motion to dismiss in this Court, arguing that the order granting summary judgment in its favor is not a final, appealable order and that this Court lacks jurisdiction over this appeal. Bishop Airfield primarily argued that neither party filed a motion requesting that the trial court rule on Shaw's counterclaim, and the trial court did not expressly address the counterclaim in its order granting Bishop Airfield's motion for summary judgment.

Shaw responded that the trial court impliedly denied her counterclaim but asked this Court to abate the appeal and, to the extent that the order may be ambiguous, allow the trial court to clarify its intention.

This Court abated the appeal and remanded the case to the trial court, ordering the trial court to either (1) modify its summary judgment order to clarify its intention that the order be a final and appealable judgment, disposing of all claims and all parties, or (2) certify in writing that the trial court did not render a final judgment and state which claims remain pending.

The trial court subsequently issued the following "Clarification Order," stating in relevant part:

> . . .   In [the order granting summary judgment], the trial court determined that [Shaw's] claim of an easement was invalid and quieted title regarding the property in favor of [Bishop Airfield].   (See Attachment B).   The trial court found that any claim of title held by [Shaw] was quieted. While neither party asked the trial court to make a determination on [Shaw's] counterclaim, the court notes the claim was based upon an oral contract that relied upon the existence of an easement benefiting [Shaw] (See Attachment C).
>
> As the trial court found that the easement did not exist it, in effect, made a final and appealable judgment that would dispose of all claims and all parties. Without an easement there can be no oral contract such as [Shaw] raises as their sole issue on the counterclaim.

The trial court expressly referenced and attached its prior order granting summary judgment.

Bishop Airfield then filed another motion to dismiss in this Court, objecting to the language in the clarification order and again asserting that the order granting summary judgment was not a final order. This Court denied the motion.

Bishop Airfield now largely reiterates its arguments on appeal, asserting that the trial court's clarification order is an unconstitutional advisory opinion based on a hypothetical set of facts due to the trial court's use of the words "in effect" and "would dispose" in its order. Bishop Airfield also continues to argue that the summary judgment is interlocutory. We thus review whether, in light of this clarification order, the trial court's summary judgment order is a final, appealable judgment.

## B.    Standard of Review and Applicable Law

Whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law, which it reviews de novo. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam).

Courts will deem a judgment without a trial to be final (1) when the judgment actually disposes of every pending claim and party or (2) when it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam) (orig. proceeding) (quoting *In re Guardianship of Jones*, 629 S.W.3d at 924); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). If the judgment clearly and unequivocally states that it finally disposes of all

claims and all parties, the judgment is deemed final, and the reviewing court cannot review the record. *Patel*, 661 S.W.3d at 154 (citing *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (per curiam)). However, "when there is doubt about finality, the record resolves the issue." *In re R.R.K.*, 590 S.W.3d 535, 541 (Tex. 2019) (citing *In re Elizondo*, 544 S.W.3d at 827–28).

In cases where the language of the order is not clearly and unequivocally final and the appellate court is uncertain about the intent of the order, the appellate court may abate the appeal to permit clarification by the trial court. *Lehmann*, 39 S.W.3d at 206 (citing Texas Rule of Appellate Procedure 27.2); *see also Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam); TEX. R. APP. P. 27.2 (providing that "[t]he appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record").

If the intent to finally dispose of the case is clear from the order, "then the order is final and appealable even though the record does not provide an adequate basis for rendition of judgment. . . . A judgment that grants more relief than a party is entitled to is subject to reversal, but is not for that reason alone, interlocutory." *Lehmann*, 39 S.W.3d at 200; see also *Patel*, 661 S.W.3d at 155-56.

## C. The Trial Court's Clarification Order Indicates a Final Order

We begin with the second prong of the *Lehmann* standard and consider whether the trial court's order granting summary judgment, as explained by the trial

–7–

court's clarification order, clearly and unequivocally expresses its intent to dispose of all claims and all parties. *See Lehmann*, 39 S.W.3d at 205; *Patel*, 661 S.W.3d. at 155.

In response to this Court's clarification request, the trial court signed an order stating that the judgment was final and appealable and would dispose of all parties and claims. We thus conclude that the trial court's clarification order expresses its clear intent that the summary judgment dispose of all claims and parties.

Bishop Airfield argues that the trial court's order clarifying the summary judgment is an unconstitutional advisory opinion because it "hypothesizes" that the order "would" dispose of all claims and that the trial court "in effect" made a final judgment. In the context of the procedural facts in this case, we disagree with this argument. The trial court did not advise "what the law would be on a hypothetical set of facts" as argued by Bishop Airfield. No alternative facts have been proposed. Although more precise language may have been preferable, it remains clear that the trial court's response to this Court's instruction is a "Clarification Order" stating its intent that its order granting summary judgment was final and appealable and further that its order precluded Shaw's counterclaim. The order thus impliedly denied Shaw's counterclaim and disposed of all claims and parties.

It is also clear that the trial judge did not pursue the second option offered by this Court: to certify in writing that the judgment was not final and appealable and

to "state what remains pending." We give effect to the trial court's intent when it responded to our order seeking clarification. *See Lehmann*, 39 S.W.3d at 206.

That the trial court's disposition granted more relief than the parties requested may be error requiring reversal on appeal; however, such error does not deprive our court of jurisdiction to hear this appeal. *See id.*; *Bella Palma*, 601 S.W.3d at 802 ("If the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction."). Consequently, we hold that this Court has jurisdiction over this appeal.

### III. SUMMARY JUDGMENT

Bishop Airfield filed a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c).[2]

#### A.    Standard of Review

We review a trial court's order granting summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* To prevail on a traditional motion for summary judgment, the movant must show that

---

[2] We do not construe Bishop Airfield's motion for summary judgment as a hybrid motion that also contains a no-evidence motion for summary judgment under Rule 166a(i). *See* TEX. R. CIV. P. 166a(i); *Binur v. Jacobo*, 135 S.W.3d 646, 650-51 (Tex. 2004) (permitting hybrid motions). Bishop Airfield's motion does not state that it is filing a motion under Rule 166a(i) nor specify the elements of its cause of action for which it claims there is no evidence. *See* TEX. R. CIV. P. 166a(i). In addition, Bishop Airfield filed its motion for summary judgment only 81 days after filing suit, so an adequate time for discovery had not yet passed. *See id.* Consequently, Bishop Airfield has filed only a traditional motion for summary judgment.

–9–

no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); TEX. R. CIV. P. 166a(c).

When a plaintiff moves for summary judgment, it must prove that it is entitled to summary judgment as a matter of law on each element of its cause of action. *Ebby Halliday Real Estate, Inc., v. Giambrone*, No. 05-22-00386-CV, 2023 WL 2259172, at \*2 (Tex. App.—Dallas Feb. 28, 2023, pet denied) (mem. op.) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam)). An issue is conclusively established "if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Hansen*, 525 S.W.3d at 681.

In a traditional motion for summary judgment, Texas courts never shift the burden of proof to the non-movant unless and until the movant has established his entitlement to a summary judgment by conclusively proving all essential elements of his cause of action or defense as a matter of law. *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021). Even if a nonmovant fails to raise any issues in response to a summary judgment motion, the nonmovant may still challenge, on appeal, the legal sufficiency of the grounds presented by the movant. *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022) (per curiam). The non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *Id.*

**B.     Matters Relating to the Summary Judgment Record**

We first address two evidentiary matters that permeate the arguments on appeal.

Bishop Airfield appended to its motion for summary judgment Shaw's affidavit claiming the easement and the attached contract of sale between Betty Holloway and Bill Bishop containing the purported grant of the easement. Shaw attached to her appellate brief a more legible copy of the contract of sale as well as a copy of a warranty deed from Betty Holloway to Bill Bishop. We do not consider documents attached to briefs that are not part of the summary judgment record. TEX. R. CIV. P. 166a(c); *Harry Hines Millennium Market Place, LLC v. Pawn TX, Inc.*, No. 05-21-00778-CV, 2023 WL 2259175, at *5 n.1 (Tex. App.—Dallas Feb. 28, 2023, no pet.) (mem. op.). As a result, in reaching our decision, this Court will not rely on the documents attached to Shaw's brief that were not admitted in the trial court. Our decision does not require us to consider whether a party may submit on appeal a more legible copy of a document previously attached to a party's summary judgment motion.

Bishop Airfield attached to its appellate brief a copy of the trial court's "Findings of Fact and Conclusions of Law." It also cites these conclusions of law in its brief. "[F]indings of fact and conclusions of law have no place in a summary judgment proceeding." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *see also Jefferson v. GEICO Cnty. Mut. Ins. Co.*, No. 05-20-

00067-CV, 2022 WL 3908547, at *9 (Tex. App.—Dallas Aug. 31, 2022, no pet.) (mem. op.). In a proper summary judgment, "there are no facts to find, and the legal conclusions have already been stated in the motion and the response." *IKB Indus.*, 938 S.W.2d at 441; *Jefferson*, 2022 WL 3908547, at * 9. The trial court should not make, and the appellate court cannot consider, such findings and conclusions in connection with a summary judgment. *IKB Indus.*, 938 S.W.2d at 441; *Jefferson*, 2022 WL 3908547, at * 9. Consequently, we will not consider the trial court's "Findings of Fact and Conclusions of Law."

### C.    Shaw may raise its legal challenge on appeal.

Bishop Airfield argues that Shaw failed to preserve under Texas Rule of Appellate Procedure 33.1 her argument that fact issues exist concerning the existence of an easement because she did not argue in the trial court that there was a genuine issue of material fact regarding this assertion. In her response to Bishop Airfield's motion for summary judgment, Shaw argued that Bishop Airfield improperly relied on its own pleadings and failed to properly authenticate the exhibit attached to its motion, which consists of Shaw's affidavit and the attached contract of sale between Betty Holloway and Bill Bishop.[3] Shaw has not raised this issue again on appeal. However, Shaw's summary judgment response further stated that Bishop Airfield's exhibit "does nothing to prove or disprove any element of any

---

[3] The notarized affidavit and attached contract contain a certification by the County Clerk of Hunt County that the documents were recorded in the records of Hunt County. As a result, these documents were authenticated under Rule 901. *See* TEX. R. EVID. 901(b)(7).

–12–

claim or defense for which [Bishop Airfield] has the burden." This language asserts the existence of material fact issues.

Regardless, whether Shaw's response to Bishop Airfield's motion for summary judgment expressly stated that a "genuine issue of material fact" exists did not alter Bishop Airfield's initial burden to prove that it was entitled to summary judgment as a matter of law. Consequently, even if Shaw had solely focused on the admissibility of Bishop Airfield's summary judgment evidence in the trial court, this would not preclude her from challenging on appeal the legal sufficiency of Bishop Airfield's evidence as the movant, namely whether it has proved that no genuine issue of material fact exists as a matter of law regarding the existence of the easement.

**D.    Bishop Airfield failed to provide evidence that conclusively proved all elements of its suit to quiet title.**

A suit to quiet title is an equitable action to remove cloud on title, *see Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam), the effect of which is to declare invalid or ineffective the defendant's claim to title. *Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at *10 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.). To prevail on a suit to quiet title, the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Downtown McKinney Partners, LLC v. InterMcKinney, LLC*, No. 05-22-00501-CV, 2023 WL 4101245, at *5 (Tex. App.—Dallas June 21, 2023, pet.

–13–

denied) (mem. op.); *Rhodes*, 2017 WL 2774452, at *10. Shaw argues that Bishop Airfield did not show it was entitled to judgment as a matter of law because it failed to provide adequate summary judgment evidence proving any of these elements.

First, Shaw asserts that Bishop Airfield failed to file evidence demonstrating that it is has an interest in the Property at issue. The plaintiff in a suit to quiet title must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference. *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).

Bishop Airfield pleaded that it was the owner of the Property, but it did not provide summary judgment evidence proving its claim, such as a deed or other evidence of title or interest in the Property. Bishop Airfield maintains that Shaw's reference in her appellate brief to Bill Bishop as "Appellee's predecessor owner" constitutes a concession on the first element—that Bishop Airfield owns the land to which the easement claim relates. However, the preceding sentence states that Bishop Airfield "*alleged* that it was the owner of the airstrip and the surrounding land" (emphasis added). We do not view this language, in the context of the entire brief, as a judicial admission by Shaw as to the ownership of the Property. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (stating that a judicial admission must be a clear, deliberate, and unequivocal statement).

–14–

Bishop Airfield also contends that Shaw's statements in her brief on appeal regarding "evidence before the Trial Court" of "an airstrip on land once belonging to Betty Holloway and conveyed to Bill Bishop" proves that Bishop Airfield owns the property at issue in this suit. We disagree, given the complete lack of evidence before the trial court relating to the chain of title between Bill Bishop and Bishop Airfield.

Bishop Airfield had the entire burden to prove an interest in the Property. It offered no evidence of a chain of title that demonstrates its relationship, as a limited liability company, to Bill Bishop, the named purchaser in the documents attached to Bishop Airfield's summary judgment motion. As a result, Bishop Airfield failed to meet its burden to prove that it is entitled to judgment as a matter of law regarding the first element of its action to quiet title.

With respect to the second element that title to the property is affected by Shaw's easement claim, we conclude that the alleged easement to use an airstrip located on another property owner's land would affect that property owner's title to the property. As discussed above, however, Bishop Airfield has not satisfied its burden to prove that it has title to the Property in question.

With respect to the third element, Bishop Airfield must prove that there is no genuine issue of material fact regarding whether the claim, although facially valid, is invalid or unenforceable. Shaw argues that Bishop Airfield failed to offer any evidence of this element, including evidence that the contract for sale or other

–15–

agreement of record was not recorded. In addition, Shaw asserts that a question of fact exists as to whether the contract for sale constitutes an easement, restriction, or reservation and contends that Bishop Airfield filed a poor copy of the contract for sale, which is partly illegible.

Although submitting evidence of the deed referenced in Shaw's brief and a more legible copy of the contract of sale in the trial court might have been helpful, Shaw was not required to produce refuting evidence unless Bishop Airfield first met its summary judgment burden to demonstrate that no genuine issue of material fact existed on each element of its claim. *Draughon*, 631 S.W.3d at 87–88. Bishop Airfield's motion for summary judgment asserts that its motion is based on the pleadings on file with the court and the exhibits attached to the motion. The motion contains one exhibit, which is Shaw's affidavit claiming the easement and the attached contract of sale.

Bishop Airfield argues that Shaw's affidavit is "not authorized by Texas statute, regulation or case law" and is invalid. The copy of the "Contract of Sale" filed by Bishop Airfield with its petition and its motion for summary judgment contains certain partial words and sentences that are illegible. This copy of the contract states, in part, that Betty Holloway sells and agrees to convey to Bill Bishop "the following described real estate situated in Hunt County":

> [partially illegible]. . . acreage adjoinin [partially illegible . . .]
> Bishop's land to [partially illegible] . . . the right to [partially illegible]
> the runway for aircraft. Buyer [partially illegible]. . . ___tinue to

maintain the runway. Buyer will install a gate for entrance [in____he] Seller's property that will accommodate aircraft taxing [sic] to the hanger. Seller at some future date can install a gate entrance at the north turn-a-round of the airstrip that will accommodate aircraft taxing [sic] off the runway on [partially illegible] . . . Runway rights will pa__ to a new owner of the Seller's [partially illegible] . . . of the Seller's personal home will [partially illegible] . . . of maintenance costs for the runway [partially illegible] . . . have runway privileges.

> . . .
> [partially illegible] 1,000/acre payable as follows
> Acreage to be determined [illegible] . . . a survey, plus $30,000 for improvements . . . $1,000/acre in cash.
>
> $30,000 cash [illegible due to strikethrough] runway).

Although the language in the contract for sale is partially illegible, an examination of the copy attached to Bishop Airfield's own summary judgment motion, indicates, at a minimum, the following points:

- Betty Holloway (Seller) agrees to convey to Bill Bishop (Buyer) the following real estate situated in Hunt County (and refers to acreage adjoining Bishop's land);
- The existence of a right to a runway for aircraft;
- A reference to maintenance of the runway;
- The requirement that Buyer install an entrance gate that will accommodate aircraft taxiing to the hanger;
- The right of Seller at some future date to install a gate entrance at the north turn-a-round of the airstrip that will accommodate aircraft taxiing off the runway;
- A reference to runway rights in a sentence referring to a new owner of Seller's personal home.

Indulging every reasonable inference and resolving any doubts in Shaw's favor as the nonmovant, we conclude that the language in the contract attached to Bishop Airfield's summary judgment motion raises a genuine issue of material fact regarding the existence of a valid easement. We conclude that Bishop Airfield has

not met its burden of proof to establish each element of its cause of action as a matter of law. Consequently, we conclude that the trial court erred in granting Bishop Airfield's motion for summary judgment on its suit to quiet title. As a result we need not reach Shaw's second, third and fourth issues.

**E.      The trial court erred in disposing of Shaw's counterclaim.**

Shaw argues that the trial court erred in granting summary judgment on her counterclaim for breach of contract because Bishop Airfield's motion for summary judgment did not seek relief on Shaw's counterclaim. Bishop Airfield responds that Shaw did not argue the merits of her counterclaim in the trial court, thus failing to preserve issues on the merits for appellate review, and that she also has not briefed the merits on appeal. No hearing on the merits of Shaw's counterclaim was ever set before the trial court, and neither party moved for summary judgment on the counterclaim. We do not address the merits of Shaw's counterclaim.

Granting summary judgment on a claim not expressly addressed in the motion generally is reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam). Consequently, the court of appeals should treat a final summary judgment that grants more relief than requested as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error. *Id.* at 298. Error is harmless "when the omitted

cause of action is precluded as a matter of law by other grounds raised in the case." *Id.*

In the present case, however, we are reversing the trial court's grant of summary judgment on Bishop Airfield's suit to quiet title, and Shaw may still attempt to prove her counterclaim in the trial court. We conclude that the trial court erred in granting summary judgment on Shaw's counterclaim and sustain Shaw's fifth point.

### F. Recovery of Attorneys' Fees is Not Permitted in a Suit to Quiet Title

The trial court awarded Bishop Airfield $5,000 in attorneys' fees in its order granting summary judgment. In reversing the summary judgment, we also reverse the award of attorneys' fees. Attorneys' fees are not available in a suit to quiet title or to remove cloud on title. *Sani v. Powell*, 153 S.W.3d 736, 745 (Tex. App.—Dallas 2005, pet. denied). We also note that the record lacks the evidence required to prove the reasonableness and necessity of the attorneys' fees awarded. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496, 501-02 (Tex. 2019).

### V. CONCLUSION

In the present case, Bishop Airfield has not met its burden to conclusively establish all essential elements of its suit to quiet title as a matter of law. We conclude that the trial court erred in granting summary judgment on Bishop Airfield's claims and on Shaw's counterclaim. Consequently, we reverse the trial court's judgment

on all claims of both parties, including the award of attorney's fees, and remand the case to the trial court for further proceedings consistent with this opinion.

220765f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CAROL SHAW, Appellant

No. 05-22-00765-CV          V.

BISHOP AIRFIELD RANCH, LLC,
Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 90347.
Opinion delivered by Justice Miskel.
Justices Goldstein and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** on all claims of both parties, including the award of attorney's fees, and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant CAROL SHAW recover her costs of this appeal from appellee BISHOP AIRFIELD RANCH, LLC.

Judgment entered this 5th day of February, 2024.

–21–